JOHANNA SWEENEY *vs.* JOHN MULDOON, administrator.

Suffolk.    March 9. — May 11, 1885.   W. ALLEN, COLBURN, & HOLMES, JJ., absent.

An action cannot be maintained against an administrator for the expense of a monument erected over the grave of his intestate by a third person, at the request of the widow of the intestate; and the St. of 1878, c. 228, does not apply.

CONTRACT, on an account annexed, against the administrator of the estate of Owen Muldoon, for money paid.   The account contained the following items:   1. Lot in Mt. Calvary Cemetery, $125.   2. Digging grave, $3.   3. Use of chapel for services and for funeral ceremony, $12.   4. Curtains, $10.   5. Flowers, $6.   6. Underwear and clothing, $3.40.   7. Monument, carting, setting, and fixing lot, $113.

Trial in the Superior Court, before *Bacon*, J., who reported the case for the determination of this court, in substance as follows:

Owen Muldoon died in Boston on September 29, 1880, intestate, leaving no issue, but leaving a widow and four brothers and sisters as his sole heirs at law and next of kin.   The defendant, one of said brothers, was appointed administrator on November 8, 1880.   The personal estate, which was appraised at $110.45, was given as an allowance to the widow by the Probate Court, on December 13, 1880.   The remaining estate consisted of a parcel of land with buildings thereon, in Boston,

and was sold by the administrator to pay debts, by order of the Probate Court, on March 13, 1881. The money paid the administrator for the said real estate was $14,200 ; and, after the payment of the debts, administration expenses, and the widow's dower and $5000 under the statute, there was about $1500 left for distribution among the heirs at law, but no distribution has been made.

The plaintiff purchased a burial lot for the deceased, at the request of the widow and the remaining relatives, on October 1, 1880, and the deceased was interred therein on the following day. The plaintiff also furnished the other necessary articles mentioned in the bill of particulars, at the request of the widow and relatives. On or about August 1, 1882, after payment of the dower, debts, and expenses, the widow requested the administrator to erect a suitable monument or headstone at the grave of the deceased, but he refused. She then requested the plaintiff to erect one, and charge the expense to the estate of the deceased ; and the plaintiff did so, on or about September 1, 1882, at a cost of $113, without the knowledge or consent of the defendant.

The judge instructed the jury that the plaintiff could not recover the item for the monument. The jury returned a verdict for the plaintiff for the remaining items ; and, at the request of the plaintiff, with the consent of the defendant, the case was reported for the determination of this court.

If the instruction above mentioned was correct, judgment was to be entered on the verdict for $181.32 and costs. If not correct, judgment was to be entered for the plaintiff for $309.85, and costs.

*J. Willard & C. Steere*, for the plaintiff.

*J. A. Maxwell*, for the defendant.

FIELD, J. It has not been contended by the defendant, in his argument in this court, that the instructions of the judge of the Superior Court were not correct. The items in the account annexed, other than that for the monument or tombstone, are for the purchase of a burial lot and for funeral expenses, and were incurred after the death of the defendant's intestate, and before the appointment of the defendant as administrator. The law raises a promise on the part of an administrator, so far as

he has assets, to pay the reasonable funeral expenses of burying the deceased, although they are incurred before his appointment. *Hapgood* v. *Houghton*, 10 Pick. 154. *Adams* v. *Butts*, 16 Pick. 343. *Luscomb* v. *Ballard*, 5 Gray, 403.

The question has not been raised whether the judgment should be *de bonis propriis* or *de bonis intestati*, but we think the judgment should be *de bonis intestati*, unless the administrator personally authorized the expenditures. *Luscomb* v. *Ballard*, *ubi supra*.

The St. of 1878, *c.* 228, provided that " probate courts, in the settlement of the estates of deceased persons, may allow as a part of the funeral expenses a reasonable sum expended for a monument and burial lot for such persons." In this case the widow and next of kin united in requesting the plaintiff to purchase a burial lot, and she did so. If the deceased owned a burial lot, or had a right of burial in a public or private cemetery, we are not required to determine whether, independently of the statute, his estate could be charged with the cost of purchasing another burial lot, or right of burial, selected by his widow and next of kin, because the defendant does not object to this item in the account. We have been shown no case in this Commonwealth in which, before this statute, the cost of a burial lot was considered as a part of the funeral expenses. By the Pub. Sts. *c.* 82, § 9, " each town and city shall provide one or more suitable places for the interment of persons dying within its limits," and it could not well happen in this Commonwealth that the purchase of a burial lot would be absolutely necessary for the proper interment of the deceased. The widow and next of kin undoubtedly have the right, as against strangers, to determine the place of burial; but if the place selected is other than that in which the deceased had a right of burial, it may be that, at common law, they must obtain the right of burial at their own expense.

The plaintiff objects to the ruling, that she could not recover the item in the account for the purchase by her, at the request of the widow, of a monument or tombstone for the deceased. This was purchased after the appointment of the defendant as administrator, and not at his request. Before the St. of 1878, *c.* 228, the purchase of a tombstone has, we think, never been

considered as a part of the funeral expenses. It is not necessary to the proper interment of the deceased, and, if erected at all, is usually erected after the burial.

By the Pub. Sts. c. 130, § 15, " a special administrator may, by leave of the Probate Court, pay from the personal estate in his hands the expenses of the last sickness and funeral of the deceased." The personal estate not lawfully disposed of by will shall, after the allowance to the widow and children, be first " applied to the payment of the debts of the deceased, with the charges of his funeral and of the settlement of his estate." Pub. Sts. c. 135, § 3, cl. 1. If the estate of the deceased is insufficient to pay all his debts, " it shall, after discharging the necessary expenses of his funeral and last sickness and the charges of administration, be applied to the payment of his debts in the following order." Pub. Sts. c. 137, § 1.

The purchase of a tombstone cannot be considered as a part of the charges or necessary expenses of the funeral, within the meaning of these provisions of the statutes. It was not intended that any person might erect a tombstone to the deceased, and charge the administrator with the cost of it, as a debt or a preferred debt against the estate. The necessity for a decent burial arises immediately upon the decease, and the law pledges the credit of the estate for the payment of such reasonable sums of money as are expended for that purpose ; but there is no similar necessity for the erection of a tombstone, and, if a tombstone is erected without the authority of the administrator, the statutes have not made the cost of erecting it a debt of the estate. We think it was not the intention of the St. of 1878, c. 228, to authorize another person, without authority from the administrator or executor, to erect a monument to the deceased, and sue the administrator or executor therefor, in an action at law, but merely to authorize an administrator or executor to expend a reasonable sum for that purpose if it becomes necessary, and there are sufficient assets. It is unnecessary to consider what the power of the Probate Court is, if that court should think such an expenditure ought to be made, and the administrator or executor should decline to make it.

*Judgment on the verdict.*