JOHN W. PETTENGILL, administrator, *vs.* FREDERICK L. ABBOTT & others.

Middlesex. November 17, 1896. — January 8, 1897.

Present: FIELD, C. J., ALLEN, KNOWLTON, MORTON, & LATHROP, JJ.

*Expenditure by Widow of Husband's Money for a Burial Lot.*

An administrator cannot recover of the widow of an intestate money of his which she has expended for a burial lot for his remains and for the perpetual care of the lot, if the court finds that the expenditure was made in good faith, and was under the circumstances reasonable and proper.

TORT, by the administrator of the estate of Lyman A. Abbott, to recover of the defendants certain property of Abbott alleged to have been wrongfully converted by them.

At the trial in the Superior Court, before *Braley*, J., it appeared that shortly after the death of Lyman A. Abbott, which occurred on May 26, 1893, his widow, Elizabeth Abbott, from whom he had been living separate and apart, took from his body

the sum of $500, and subsequently spent $193 of this amount for funeral expenses and the expenses of his last sickness, and $307 in the purchase of a burial lot in a cemetery; that the deceased owned no burial lot; that of the $307 about one half was for the purchase of the lot and one half for its perpetual care; that she tried to purchase a lot without perpetual care, but the proprietors of the cemetery would not sell a lot without it; and that she was obliged to pay for the lot at once, because under the conditions of sale no body could be buried therein until it was paid for. It further appeared that the estate of the deceased was insufficient to pay his debts.

The plaintiff asked the judge to rule that the widow had no legal right to use or appropriate any of the money; that she had no right to appropriate the money to purchase the burial lot, and was liable to the plaintiff for the full amount; and if not, then at least for $307. The judge refused so to rule, found that the expenditure for the burial lot was made in good faith, and that, under the circumstances, it was reasonable and proper, and ordered judgment for the defendants; and at the request of the parties reported the case for the determination of this court. If the ruling was right, judgment was to be affirmed; otherwise, such judgment was to be entered as law and justice might require.

*A. V. Lynde & W. P. Harding,* for the plaintiff.

*C. W. Bartlett & E. R. Anderson,* for the defendants.

ALLEN, J. The plaintiff contends that the widow's expenditure for the burial lot and its perpetual care was not, in a proper construction of the statutes, reasonable, proper, or necessary; and that this is a question of law.

The deceased, we infer, died intestate; and the widow was entitled by preference to administration. Pub. Sts. c. 130, § 1. She was therefore a proper person to intermeddle with his estate, and to attend to such things as must be done before letters of administration could be taken out. *Perkins* v. *Ladd,* 114 Mass. 420. Providing a suitable place of burial was a matter of this sort; and, as was said in *Sweeney* v. *Muldoon,* 139 Mass. 304, the law pledges the credit of the estate for the payment of such reasonable sums of money as are expended for that purpose. By Pub. Sts. c. 144, § 6, a reasonable sum ex-

pended for a burial lot is treated as part of the funeral expenses. If she was an executor in her own wrong, she might be allowed to retain funeral expenses actually paid by her.   Pub. Sts. c. 132, § 18.   What would be a reasonable sum to pay for a burial lot would depend on the circumstances.   If a suitable lot in another suitable cemetery could have been got at a moderate price, the sum paid by the defendant would seem to be high.   But this, after all, is a question which is not for us.   The judge who heard the case found that her expenditure was made in good faith, and that under the circumstances it was reasonable and proper.   If under any circumstances we could review this finding, not enough facts are reported to enable us to do so, or to determine what sum would be reasonable for that purpose.

*Judgment affirmed.*