PATRICK J. DURKIN *vs.* HENRY J. LANGLEY, executor.

Bristol.    October 26, 1896. — February 25, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, MORTON, LATHROP,
& BARKER, JJ.

*Action — Executor — Monument — Statute.*

A. proposed in writing to erect "for the estate of B." a monument for a certain
sum, and C. signed his name individually, and not as executor, to an acceptance
of the proposal.   B. had already bequeathed to " C. fifteen shares of . . . stock,
to be expended by him in the erection of a monument on my lot," etc.  *Held,*
that C. bound himself personally if at all, and that an action by A. against
C. as executor for the amount alleged to be due under the agreement could
not be maintained.

CONTRACT upon the following agreements, dated October 25,
1892:

" To H. J. Langley: I hereby agree to build and erect for
you in Oak Grove Cemetery for the estate of California A. Davol
one monument as per plans and specifications submitted to me,
for the sum of thirteen hundred and fifty dollars.   Patrick J.
Durkin."

" I hereby accept your proposition to build for the estate of
California A. Davol one monument all to be erected in Oak
Grove Cemetery for the sum of $1,350.   H. J. Langley."

At the trial in the Superior Court, before *Bishop,* J., it ap-
peared that the action was for $1,185, the balance alleged to be
due the plaintiff, who contended that Pub. Sts. c. 144, § 6, au-
thorized the executor to expend out of the estate of the testatrix
a reasonable sum for the articles furnished; and it was agreed
that the amount of the bill was, under the circumstances,
reasonable.

By her will, California A. Davol devised to " Henry J. Langley
fifteen shares of the Narragansett Mill stock, to be expended by
him in the erection of a monument on my lot in Oak Grove
Cemetery."   These fifteen shares, which amounted in value to
more than the bill sued for, were, in December, 1891, transferred
by Langley to himself as executor; and on or about May or
June, 1893, were sold and disposed of by him to other parties.

The defendant set up in his answer, and asked the judge to rule, that, if he owed the plaintiff the amount declared on, the same was due to the plaintiff, not from the estate of California A. Davol nor from the defendant as executor of her will, but from the defendant in his individual capacity. The judge refused so to rule; and the defendant excepted.

The jury found for the plaintiff for the amount of the bill; and the defendant alleged exceptions.

The case was argued at the bar in October, 1896, and afterwards was submitted on briefs to all the judges.

*A. J. Jennings,* (*J. M. Morton, Jr.* with him,) for the defendant.

*J. T. Cummings,* (*J. W. Cummings* with him,) for the plaintiff.

HOLMES, J.   The contract sued upon, literally construed, purports to bind the defendant personally.   The acceptance is personal and the offer is personal.   The words " for the estate of California A. Davol," following the words "I agree to build and erect for you," only identify the subject matter of the contract. The general rule of the common law is, that an executor cannot bind himself in a representative capacity by a new express contract.   He binds himself personally if at all.   *Luscomb* v. *Ballard*, 5 Gray, 403.   *Kingman* v. *Soule*, 132 Mass. 285, 288.   *Phillips* v. *Blatchford*, 137 Mass. 510, 514.   *Farhall* v. *Farhall*, L. R. 7 Ch. 123, 127, 128.   Taking these two considerations together, we are not to enforce the contract against the estate unless some paramount reason is shown.   We do not discover one in Pub. Sts. c. 144, § 6.   That section only authorizes the Probate Court to allow a reasonable sum for a monument when the same has been expended by the executor or administrator.   It does not purport to authorize a new form of contract.   If it does so, it does so by implication only.   Even in the case of funeral expenses proper, the decisions allowing a recovery against the estate are decisions on a promise implied by law and arising from the necessity of the case.   Our attention has not been called to any case allowing a recovery on an express promise, still less to one allowing a recovery against the estate upon an express promise by the executor, when one would not be implied by law, or upon one different from that which would be implied.   *Hapgood* v. *Houghton*, 10 Pick. 154.   *Constantinides* v. *Walsh*, 146 Mass. 281.   It is doubt-

ful whether a promise to pay for a suitable monument ever would be implied by law. *Sweeney* v. *Muldoon,* 139 Mass. 304.

Certainly the statute cannot be held by implication to authorize an express contract binding the estate further than in terms it authorizes an allowance to the executor. How far it does so under the particular circumstances the plaintiff must find out at his peril. In this case no allowance out of the general assets would be reasonable, because the testatrix gave a fund specially for the purpose, which came to the hands of the executor. The ruling asked was material, and should have been given. *Yarrington* v. *Robinson,* 141 Mass. 450. *Exceptions sustained.*