CHARLES F. HUNTING & others vs. GEORGE A. WARD.

Middlesex. January 12, 1900. — January 16, 1900.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, BARKER, & HAMMOND, JJ.

*Contract in Individual or Representative Capacity.*

In an action for the services of a quartette in singing at a funeral, evidence of one of the plaintiffs, that the defendant called at his house and informed him of the death of a woman who was a member of the defendant's household, and wished the services of the quartette at her funeral at a time and place named, and that the defendant told the witness that the woman left money and the defendant would be the administrator of her estate, will warrant a finding that the defendant, who was appointed such administrator, reasonably was understood to contract in his private capacity.

CONTRACT, upon an account annexed, to recover twenty dollars for services in singing at a funeral. Trial in the Superior Court, before *Stevens*, J., who allowed a bill of exceptions, in substance as follows.

Gustave W. Ulmer, one of the plaintiffs, testified that the plaintiffs formed a male quartette called the Dalhousie Quartette; that on October 20, 1897, the defendant called at the witness' house and informed him of the death of one Trowbridge, and wished the services of the quartette at her funeral, which was to take place on October 21, at three o'clock P. M.; that the defendant asked the witness if he knew where he, the defendant, lived, and that witness said that he did; that the defendant told the witness that Mrs. Trowbridge had left money, and that the defendant would be the administrator of her estate; and that the plaintiffs were late at the funeral, owing to a mistake as to the house, not arriving until twelve minutes past three o'clock, but performed the services declared for.

The defendant testified that Mrs. Trowbridge had been for some years a member of his household; that on October 20 he saw the plaintiff Ulmer at his house and informed him of Mrs. Trowbridge's death, and that the services of the quartette were wished for at the funeral; that he asked Ulmer what price was charged by the quartette, and was told twenty dollars; that he

told Ulmer that Mrs. Trowbridge had left some estate and he should probably be administrator, and also told Ulmer to send the bill to the estate of Mrs. Trowbridge (which last statement Ulmer denied), and further told Ulmer where the defendant lived; that the quartette were late in arriving at the house, not getting there until twenty-five minutes past three o'clock, and were all out of breath, as they had run to get to the house, and the first song was poorly sung; that on December 18, 1897, he sent to Ulmer a check for fifteen dollars for the services of the plaintiffs, signed by him personally, and indorsed on the margin of the face, " Adm'r of the estate of S. H. T.," inclosed in a letter stating that it " is all I think you are entitled to after we had to keep everything waiting so long for you "; that this check was returned to the defendant by Ulmer, who wrote demanding payment of twenty dollars; that the matter was placed in the hands of counsel, between whom and the defendant considerable correspondence passed; and that the defendant was duly appointed administrator of the estate of Mrs. Trowbridge.

The defendant asked the judge to rule that there was no contract between the plaintiffs and the defendant; but the judge declined so to rule.

The jury returned a verdict for the plaintiffs; and the defendant alleged exceptions.

*J. W. Keith,* for the defendant.

*W. S. Slocum & C. R. Darling,* for the plaintiffs.

BY THE COURT.   The plaintiff's evidence warranted a finding that the defendant reasonably was understood to contract in his private capacity.   Whether it warranted any other it is not necessary to consider.   See *Durkin* v. *Langley,* 167 Mass. 577, 578.

*Exceptions overruled.*