FRANKLIN F. MARPLE *vs.* CHARLES R. MORSE,
administrator.

Suffolk.   January 8, 1902. — February 27, 1902.

Present: HOLMES, C. J., LATHROP, BARKER, HAMMOND, & LORING, JJ.

*Executor and Administrator*, Funeral expenses.   *Contract*, Implied.

A son in whose house his mother has died can recover from her estate as part of
the funeral expenses under Pub. Sts. c. 144, § 6, money expended by him in the
purchase of a cemetery lot for her burial, bought by him in good faith imme-
diately after her death.

A son cannot recover against his mother's estate for services in taking care of his
mother in her last illness when she was a member of his household and was sup-
posed not to have any property beyond her usual wearing apparel.

LORING, J.   This is an action by a son to recover the ex-
penses of the last illness and funeral of his mother and $100 for
his services in waiting upon her while sick and "relieving the
nurse" at that time.   The case was submitted to the Superior
Court on agreed facts.   There was a finding in favor of the
plaintiff on all the items, and the case comes here on the defend-
ant's appeal.

The only items objected to by the defendant are $613 ex-
pended for a burial lot with perpetual care and the $100 charged
for the plaintiff's services.

It appears that the intestate had been living with the plaintiff
for more than twenty-five years previous to her death, and that
she had been accustomed to do some of the domestic work and
to receive from time to time each week small sums of money
from the plaintiff to be expended in purchasing the necessary
groceries and provisions to carry on his house.   These sums
amounted to about $300 a year.   The plaintiff never received
anything for her board, and always supposed that she expended
the money given by him for the groceries and provisions.   She
had no sources of income known to the plaintiff, and it was not
known to him that she had any personal effects, besides her usual
wearing apparel, at the time of her last sickness and death, and
when the indebtedness set forth in the account annexed was con-
tracted and paid by the plaintiff.

The defendant objects to paying for the purchase of the burial lot which was in Woodlawn Cemetery, on the ground that the intestate "should have been buried in the same lot in Bunker Hill Cemetery, in Boston, where his father (her husband) and his grandfather are both buried." But it is stated in the agreed facts that " The latter lot was not owned by his father or grandfather, or any member of their families, and they were buried there by permission granted by the Proprietors of said cemetery. The intestate expressed a wish several times before her death to be buried in Woodlawn Cemetery."

It is stated in the agreed facts that the lot in question was bought by the plaintiff "in good faith, immediately after her death"; and it is apparent that at the time he expected that this expenditure would ultimately have to come out of his own funds.

On the facts stated, it is sufficiently shown that the plaintiff's mother had no right to be buried elsewhere. Under these circumstances, he has a right to be reimbursed for the purchase of the lot as part of the funeral expenses. Pub. Sts. c. 144, § 6. *Pettengill* v. *Abbott*, 167 Mass. 307.

The defendant also objects that " The plaintiff was not justified in purchasing a lot for more than was necessary for the deceased, and paying such a large price for the same"; it is stated that the lot "is large enough for more than one body." It does not appear that a smaller lot could have been obtained and in view of the wish of the intestate to be buried in that cemetery, we do not think that on the agreed facts this expenditure should be disallowed on that ground. So far as the amount paid is concerned, it is expressly stated in the agreed facts that the price paid "was the usual price for such a lot." We are of opinion that this sum should be allowed.

But on the other hand, we do not think that on the agreed facts the plaintiff is entitled to recover the $100 "for services rendered by the plaintiff, who was up nights — seventeen in all, and a portion of same number of days — waiting upon and lifting his mother while sick, and relieving the nurse." When these services were performed by the plaintiff for his mother, the intestate, she was a member of his household and was supposed not to have any property beyond her usual wearing

apparel. Under those circumstances, the services were plainly done as a kindness and not on the credit of the intestate. *Johnson* v. *Kimball*, 172 Mass. 398.

This claim does not stand on the same ground as sums paid the nurse, nor does it stand, as the plaintiff contends, on the same ground that it would, had the services been rendered by a stranger.

> *Finding set aside; judgment for the plaintiff on all items but item 9 with interest from the date of the writ.*

*C. R. Morse, pro se.*

*W. P. Harding*, for the plaintiff.