CHARLES L. RICE *vs.* NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY.

Plymouth.    March 20, 1907. — May 15, 1907.

Present: KNOWLTON, C. J., MORTON, LORING, SHELDON, & RUGG, JJ.

*Agency.    Contract.    Corporation.*

At the trial of an action of contract to recover for services rendered and disbursements made by an undertaker in connection with the funeral and burial of an employee of the defendant, a corporation operating a railroad, there was evidence that the plaintiff had a conversation with a clerk in the defendant's general passenger and ticket department, that the clerk gave detailed orders for the funeral and burial and told the plaintiff that he thought there was an amount owed by the defendant to the deceased employee at the time of his death sufficient to provide for a proper burial, that on his return to his office the clerk reported to the defendant's general passenger agent what he had told the plaintiff

as to the affairs of the deceased employee, who had stated that what he had said was "all right," that the plaintiff had made demand on officers of the defendant who had denied liability and referred the plaintiff to the executor of the will of the deceased employee. *Held*, that a verdict for the defendant was directed rightly, there being no evidence of authority in the clerk to bind the defendant or of ratification by the defendant of his acts.

At the trial of an action of tort to recover for damages suffered by the plaintiff because of services rendered and disbursements made by him for the defendant, a corporation operating a railroad, in the performance of an alleged contract which was in excess of the powers of the corporation and which the defendant refused to perform, the plaintiff's contention was that the contract was made on behalf of the defendant by a clerk in one of its departments, but there was no evidence of authority of the clerk so to act or of ratification of his acts by the defendant or of benefit accruing to the defendant from the services rendered and disbursements made by the plaintiff. *Held*, that a verdict was directed for the defendant rightly.

CONTRACT OR TORT. Writ in the Superior Court for the county of Plymouth dated March 13, 1906.

The declaration was in five counts, but there was a trial upon the first and fifth counts only. The first count was upon an account annexed which contained several items, apparently for services and disbursements in connection with funeral and burial services. The name of the deceased was not stated.

The fifth count was as follows:

" Count five.   In tort. .

" And the plaintiff further says that the said corporation ordered goods and services of the plaintiff as set forth in count one by an employee, one Harris, which contract may have been in excess of the powers of said corporation, but not prohibited by law ; but said goods and services have been furnished upon said order, and demand made upon said corporation for payment, which said corporation refuses to make, whereby the plaintiff is damaged to the amount of $154 and interest, by breach of said contract."

There was a trial before *Dana*, J., who, at the close of the evidence introduced on behalf of the plaintiff, directed the jury to return a verdict for the defendant. The plaintiff excepted.

The material facts were as follows : One Lenix, who had been general baggage agent of the defendant, died at the house of a Mrs. Benson in South Weymouth, where he was a lodger. The attending physician, not in the employ of the defendant, summoned the plaintiff, an undertaker, who came and laid out and

embalmed the body.  After he had done so, the plaintiff had a conversation with one Harris, then a clerk in the defendant's general passenger and ticket office, as to which he testified that Harris gave him the order for the funeral in detail, selected a casket from a catalogue and told him that the defendant was owing Lenix a little over $150 and that he, Lenix, had some money in the bank and it was thought he owned a block in the city somewhere and that he, Harris, thought the amount the defendant owed Lenix was sufficient for a proper burial.  The plaintiff further testified that Harris was at the house with some half dozen railroad people when the casket was delivered, that they looked it over and discussed it and that Harris said it was very satisfactory.

Harris was called as a witness for the plaintiff and denied that he had ordered the funeral or the casket, but stated that the plaintiff had asked him in detail as to Lenix's affairs which he gave as fully as he was able because, he supposed, the plaintiff was looking for information as to who would be responsible for his bill, that, on his return to Boston, he had told one Hanson, the defendant's general passenger agent, of the information he had given as to Lenix, and Hanson had said that what he had told the plaintiff was " all right."

The plaintiff wrote letters to both Harris and Hanson seeking to make the defendant pay the amount of his claim.  They denied owing him and referred him to the representative of Lenix's estate, to whom the defendant had paid what had been owing Lenix.

The case was submitted on briefs.

*D. P. Rice*, for the plaintiff.

*G. P. Furber*, for the defendant.

SHELDON, J.  There is no useful purpose to be served by recapitulating the evidence in this case.  The plaintiff contends that Harris, acting for the defendant and with its authority, employed the plaintiff to make all the arrangements for the funeral of Lenix, who had been in the defendant's service, and also that the action of Harris in so employing the plaintiff was afterwards ratified by the defendant acting through its managing officers.  If this contention were supported by the evidence, doubtless it might be a good one.  But this is not the case.

Harris did not hold himself out as representing the defendant; he made no promise that the defendant would meet the expenses of the funeral; on the contrary, he spoke of the means of payment that were expected to be available from Lenix's estate.

Nor was there any evidence that Harris had authority to bind the defendant or to make any promise in its behalf. He was a clerk in the general passenger agent's office. Neither by implication from his position nor by express delegation was there anything to show that he had, or that he was held out as having, any such authority. Nor is there evidence of a subsequent ratification by the defendant's managing officers of any agreement made by him. A simple denial of liability is not evidence of a ratification. There is nothing in the cases cited by the plaintiff that can help him. He cannot recover upon either of the counts relied on.

The presumption is that funeral expenses are incurred on the credit of the estate of the deceased. *Sweeney* v. *Muldoon,* 139 Mass. 304, 308. *Constantinides* v. *Walsh,* 146 Mass. 281. *Pettengill* v. *Abbott,* 167 Mass. 307. There is nothing in the case to overcome this presumption, so far as the defendant is concerned. Whether the plaintiff could hold Harris for his bill, is not before us.

*Exceptions overruled.*