WALTER L. HAYES *vs.* CHARLES S. GILL & another, executors.

Suffolk.    January 15, 1917. — March 13, 1917.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & CROSBY, JJ.

*Contract,* Implied, Validity.    *Husband and Wife.    Executor and Administrator.
Words,* "Expenses."

Although a husband, upon paying after the death of his wife expenses incurred in
connection with her last sickness, death and funeral, becomes subrogated to the
rights of the creditors of the estate whose claims he has discharged and can re-
cover the amounts so paid in an action of contract against the executor of her
will, he cannot recover for amounts paid by him previous to her death for ex-
penses incurred in her last sickness.

An agreement between a husband and his wife, who has property sufficient for her
separate support, that he shall be reimbursed from her estate for amounts paid
. by him for expenses incurred in connection with her last sickness, is unenforce-
able.

The provisions of R. L. c. 142, § 1, as amended by St. 1909, c. 297, prescribing the
order in which debts of an insolvent estate of a deceased person shall be paid
"after discharging the necessary expenses of his funeral and last sickness and the
charges of administration," do not place upon the executor of the will of a wife
the duty of repaying to her husband amounts paid by him before her death for
expenses incurred in connection with her last sickness.

CONTRACT by a husband against the executor of the will of his
wife for the amount of certain expenses attending her last sickness,
death, funeral and burial, which were paid by him.    Writ dated
May 12, 1914.

The case was referred to an auditor and afterwards was heard
by *Fessenden,* J., without a jury, upon the auditor's report and
some oral testimony.

The judge, among other findings, found that the entire amount
of expenses paid by the plaintiff, both before and after his wife's
death, was $1,192.08; that of this $213.95 was paid after her
death, and that $96 of that amount had been repaid to him.

He also found that on December 8, 1911, the wife stated to the
plaintiff that she wished and intended that the expenses in con-
nection with her illness should be paid out of her estate, and
that the amount of such expenses thereafter incurred and paid
amounted to $768.18.

The judge ruled that the plaintiff was not entitled to recover for any of the expenses in connection with his wife's sickness incurred and paid by him previous to her death, found for the plaintiff in the sum of $117.95 with interest, and reported the case for determination by this court.

R. L. c. 142, § 1, as amended by St. 1909, c. 297, § 1, referred to in the opinion, is as follows:

"Section 1. If the estate of a person deceased is insufficient to pay all his debts, it shall, after discharging the necessary expenses of his funeral and last sickness and the charges of administration, be applied to the payment of his debts, which shall include equitable liabilities, in the following order: —

"First, Debts entitled to a preference under the laws of the United States.

"Second, Public rates, taxes and excise duties.

"Third, Wages or compensation, to an amount not exceeding one hundred dollars, due to a clerk, servant or operative for labor performed within one year last preceding the death of such deceased person or for such labor so performed for the recovery of payment for which a judgment has been rendered.

"Fourth, Debts, to an amount not exceeding one hundred dollars, for necessaries furnished to such deceased person or his family within the six months last preceding his death, or for such necessaries so furnished for the recovery of payment for which a judgment has been rendered.

"Fifth, Debts due to all other persons.

"If there is not enough to pay all the debts of any class, the creditors of that class shall be paid ratably upon their respective debts; and no payment shall be made to creditors of any class until all those of the preceding class or classes, of whose claims the executor or administrator has notice, have been fully paid."

*H. R. Scott,* for the plaintiff.

*J. Noble,* for the defendants.

BRALEY, J. The court of probate under R. L. c. 140, § 2, may make allowances for necessaries to the widow for herself and family under her care, and by § 3, cl. 1, where a person dies possessed of property not lawfully disposed of by will, the personal property remaining after "such allowances," shall be first applied to the payment of the debts of the deceased and the charges of his last

sickness and funeral and the settlement of his estate. A similar provision is found in Pub. Sts. c. 135, § 3, cl. 1, concerning which it was said in *Sweeney* v. *Muldoon*, 139 Mass. 304, 307, "The necessity for a decent burial arises immediately upon the decease, and the law pledges the credit of the estate for the payment of such reasonable sums of money as are expended for that purpose." And in *Constantinides* v. *Walsh*, 146 Mass. 281, and *Morrissey* v. *Mulhern*, 168 Mass. 412, where a husband paid the funeral expenses of his wife who left property, it was held notwithstanding his marital obligations, that under Pub. Sts. c. 135, § 3, cl. 1, c. 137, § 1, and St. 1882, c. 141, relating to the distribution of estates of married women, now R. L. c. 142, § 1, as amended by St. 1909 ,c. 297, he was entitled to recover the amount from the executor as a preferred charge upon the estate.

The judge in the case at bar rightly allowed the funeral charges, and so much of the expenses of the last sickness of his wife as were paid after her death. The plaintiff excepts to the rulings disallowing the remaining disbursements which had been settled before her death. The finding, that the plaintiff's wife, who appears to have been possessed of sufficient property for her support, stated to him, that she wished and intended the expenses incurred in connection with her last sickness should be paid out of her estate, having created no enforceable contract, the additional amount cannot be recovered unless the statute confers the right. *Atkins* v. *Atkins*, 195 Mass. 124, 128, and cases cited. While the term "expenses" is used, it is clear that preferred debts or claims is meant, for if the estate "is insufficient to pay all his debts, it shall, after discharging the necessary expenses of his funeral and last sickness and the charges of administration, be applied" as provided in R. L. c. 142, § 1. *Wilson* v. *Shearer*, 9 Met. 504, 506, 507. The presumption under the statute is that funeral expenses are incurred on the credit of the estate, *Rice* v. *New York Central & Hudson River Railroad*, 195 Mass. 507, 510, while medical attendance and other necessary services are ordinarily procured or furnished on the credit of the decedent, although if unpaid at his death the estate is chargeable therefor. *Hapgood* v. *Houghton*, 10 Pick. 154, 156. The statute directs the order in which the assets shall be marshalled for the payment of debts. R. L. c. 141, § 5. *Fuller* v. *Connelly*, 142 Mass. 227.

The date of death is the point of time when the question whether there are unpaid expenses is to be determined, and the right to participate as a preferred creditor depends upon the existence of a provable debt or claim. If subsequent to his wife's death the husband pays a valid debt or claim within this class, he is not a volunteer, but is subrogated by force of the statute to the rights of the creditor. *Jackson Co.* v. *Boylston Mutual Ins. Co.* 139 Mass. 508, 510; *Constantinides* v. *Walsh,* 146 Mass. 281. But at the death of his wife, those with whom the debts in question were contracted had no unsatisfied demands to whose rights the plaintiff could be subrogated. The testatrix owed no duty, and was under no legal obligation to reimburse her husband for the payments made in liquidation of his own pecuniary obligations, and the demands having been extinguished there were no unpaid expenses as now claimed with which her estate is primarily chargeable.

We find no error of law in the rulings, and in accordance with the terms of the report, the plaintiff is to have final judgment in the sum therein stated.

*So ordered.*