JOSEPH S. WATERMAN & SONS, INC. *vs.* MABEL F. HOOK.

Suffolk.   October 15, 1923. — November 27, 1923.

Present: RUGG, C.J., BRALEY, DECOURCY, PIERCE, & JENNEY, JJ.

*Contract,* What constitutes. *Executor and Administrator,* Funeral expenses. *Evidence,* Presumptions and burden of proof. *Widow. Practice, Civil,* Requests and rulings.

Where, at the trial of an action by a funeral director against a widow for services and disbursements in connection with the funeral and burial of the defendant's husband, it appears that on the day after her husband's death

and after the body had been prepared by the plaintiff for burial the defendant visited the plaintiff's warerooms, gave directions for the burial and interment, and selected an expensive bronze casket; that she then was asked if the bill was to be sent to her and answered in the affirmative, and that on the books of the plaintiff was the entry, after naming the day of the funeral, " send bill to " the defendant, giving her name and address. The plaintiff moved that a verdict be ordered in his favor for the full amount claimed. The motion was denied. *Held,* that

(1) The facts did not raise a presumption of law that the widow agreed to pay the expenses of the funeral and burial;

(2) The question, whether the widow intended to assume personal responsibility for the expenses of the funeral and burial, was one of fact to be determined upon the evidence;

(3) The motion for a verdict for the plaintiff was properly denied.

A reference by the judge in his charge to the jury in the action above described, in substance that the contract alleged to have been made by the defendant with the plaintiff was a " peculiar contract," was *held* not to have misled the jury, in the light of clear and adequate instructions to the jury stating the governing principles of law and directing their attention " to the fact that liability, if any, of the defendant was because of an express contract on her part or one implied in the light of circumstances from what was said and done, and that the liability of the executor, who was the defendant in . . . [an action by the funeral director against the executor of the will of the deceased person, tried with the action above described] was based upon a different principle."

In the action above described, the question, whether the defendant was liable by reason of an express agreement to pay the plaintiff, was to be determined in the light not only of the evidence but also of the presumption of fact that funeral expenses are incurred on the credit of the estate of the deceased.

The mere fact that the defendant, in the action above described, ordered the furnishing of materials and the rendering of services without informing the plaintiff that she did so upon the credit of the estate and some person other than herself, did not as a matter of law make her liable therefor, but the effect of such failure was for the jury.

CONTRACT against the widow of Samuel H. Hook for $1,829.49 and interest, with a declaration in two counts, the first count setting out an express agreement by the defendant to pay for a casket selected by her and " all other things and services necessary for the funeral and burial of " her husband, and the second count being upon an account annexed of twenty-three items, including a casket, $1,465, and items on account of services and disbursements in connection with that funeral. Writ dated July 7, 1922.

The suit was tried before *Quinn,* J., at the same time with an action by the same plaintiff against the executor of the

will of the decedent.    In that action a verdict was returned for the plaintiff in the sum of $1,729.70.    Further proceedings therein were not stated in the record.

Material evidence is described in the opinion.    At the close of the evidence the plaintiff moved that a verdict be ordered in its favor in the sum of $1,829.49 and interest. The motion was denied.

The plaintiff then asked for rulings including, among others, the following:

" 3. The rule of law that the estate of a deceased person is primarily liable for reasonable funeral expenses, does not mean more than that the estate is liable for reasonable funeral expenses regardless of the liability of any other person for the said funeral expenses.

" 4. The presumption of law that the estate of a deceased person is primarily liable for reasonable funeral expenses or that the funeral expenses were incurred on the credit of the estate, extends no further than to pledge the credit of the estate for such reasonable sums of money as are expended for that purpose.

" 5. The presumption of law that the estate of a deceased person is primarily liable for reasonable funeral expenses or that the funeral expenses were incurred on the credit of the estate, extends no further than to pledge the credit of the estate for the payment of such reasonable sums of money as are expended for that purpose and such presumption has no force as a presumption in an action against a person other than the legal representatives of the estate for the payment of funeral expenses."

" 12. That if the defendant, Mabel F. Hook, ordered the plaintiff to furnish and perform services, accessories and materials for the funeral of her husband, Samuel H. Hook, and did not state to or inform the plaintiff that said services, accessories and materials were to be furnished and performed on the credit of the estate of said Samuel H. Hook, or any other person, then the defendant, Mabel F. Hook, is liable to the plaintiff for the fair value of said materials, accessories and services.

" 13. That if the plaintiff furnished and performed serv-

ices, materials and accessories for the funeral of the defendant's husband, upon the order given by the defendant to the plaintiff, then the law implies a promise on the part of the defendant to pay to the plaintiff the fair value of said services, materials and accessories."

The requests were denied. The jury found for the defendant. The plaintiff alleged exceptions.

The case was submitted on briefs.

*R. C. van Amringe,* for the plaintiff.

*E. D. Hassan,* for the defendant.

JENNEY, J. The plaintiff's exceptions concern the contractual liability of a widow for the expense of the funeral and burial of her husband. The action was tried with one by the same plaintiff against the executor of the husband's will, where the plaintiff had a verdict for an amount somewhat less than the concededly reasonable charge, if liability of the defendant exists. The status of the action against the executor does not appear and no question is made as to the propriety of prosecuting this action after recovery of a verdict in the other. The fact of its existence and trial is pertinent only in the consideration of the rulings and instructions of the judge which necessarily related to both cases.

The facts that could have been found—and some parts of the testimony—are now given. On the day after her husband's death and after the plaintiff's employee had prepared the body for burial, the defendant visited the plaintiff's warerooms, gave directions for the funeral and interment, and selected an expensive bronze casket which was used in the burial. The articles selected and directions given for services need not be detailed. The charge therefor amounted to $1,829.49. If any contract was made, admittedly it was at this time. The person who was afterwards appointed executor had nothing to do with it. At that time the defendant had not conferred with the person named as executor, and did not know what she took under the will, although she had been told by her husband that he had provided her with a home, enough to take care of her, and also that in addition his property was sufficient to provide for his burial. The

personal property of the deceased was valued at a little over $16,000, and his realty at $7,000. Not long before his death he had distributed some of his property and the defendant thereby received about $10,000. There was no evidence that this distribution was in anticipation of death. The salesmen who acted for the plaintiff testified: " After completing the arrangements I asked her if the bill was to be sent to her and she said ' yes.' " Being asked to restate what he had said, he answered: " After completing the arrangements . . . I asked her where the bill was to be sent, who it was to be sent to, and she said it was to be sent to her." He further testified that that was all that was said as to who was to pay. This was all the conversation material to the question of a direct promise to pay. The defendant testified that when she gave the order she did not think anything about who was to pay the bill; and the evidence given by a sister of the husband, who was with the defendant, was in substance that to the best of her recollection nothing was said as to who was to pay. This " excerpt from the plaintiff's records " was in evidence: " Funeral of Samuel H. Hook, March 13, 1922. Send bill to Mrs. Mabel F. Hook, 144 West Canton Street, Boston, Mass."

The plaintiff's written motion for a directed verdict was denied and the first exception considered is to that ruling. Even if the case is decided on the basis that the facts are as stated, the action of the judge was right. The proper expense of a funeral is a preferred charge against the estate of a deceased person. G. L. c. 198, § 1. The credit of the estate may be pledged to a reasonable amount for the necessary purchase of a place of burial. *Pettengill* v. *Abbott*, 167 Mass. 307. *Marple* v. *Morse*, 180 Mass. 508. G. L. c. 206, § 14. The liability of the estate is one " on a promise implied by law and arising from the necessity of the case," and exists although resulting from action taken before the appointment of an executor. *Durkin* v. *Langley*, 167 Mass. 577, 578. *Sweeney* v. *Muldoon*, 139 Mass. 304. A stranger can count upon the obligation if justified in intermeddling. *Sweeney* v. *Muldoon, supra. Constantinides* v. *Walsh*, 146 Mass. 281. *Hayes* v. *Gill*, 226 Mass. 388.

The plaintiff's representative knew that there was a necessity for immediate action, and that what the widow reasonably did concerning his funeral charges would bind the estate of her husband.  In the circumstances no presumption of law arose from the request for rendition and subsequent performance that the one who acted did so only on personal responsibility.  There was no direct promise on which to found an obligation.  The plaintiff's book did not name the defendant as debtor.  No intent to assume personal responsibility appears other than by inference from the import of the plaintiff's acts and from the direction to send the bill.  There was evidence admitted without objection that no such intention in fact existed, although that fact does not aid the defendant if, as a reasonable person, she should have understood that that was the expectation.  *Spencer* v. *Spencer,* 181 Mass. 471.  In cases like this the request to send the bill could be found to be consistent with the theory of liability of the estate as distinguished from that of the defendant.  The defendant's words and acts did not require a finding of liability.  Cases like *Hunting* v. *Ward,* 175 Mass. 223, and *Charron* v. *Day,* 228 Mass. 305, while pertinent to an issue of fact on liability, do not aid the plaintiff in its present contention.

One of the exceptions is because the judge instructed the jury that " It isn't quite analogous to the case of a man going into a store, or entirely similar to it at least, and ordering a piece of goods and saying ' send the bill to me.'  It is not a contract of that kind.  It is a peculiar contract in itself.  And it is for you to determine what was the significance, the due significance of the expression ' Send it to me.' "  He had already said: " The person contracting for the services may be individually liable therefor, but such liability depends upon his or her individual agreement.  It is a demand of a peculiar nature arising immediately upon the death and prior to the commencement of administration.  It is a duty which a wife may properly be expected to perform."  The judge's attention was seasonably called to the plaintiff's objection to the statement first quoted, whereupon the jury were told to disregard the part of the instruction in which he had stated that the case was not analagous to an ordinary

purchase in a store; but said " the fact that I instructed the jury that this was a peculiar contract may stand." The charge clearly and adequately stated the governing principles of law and directed attention to the fact that liability, if any, of the defendant was because of an express contract on her part, or one implied in the light of circumstances from what was said and done, and that the liability of the executor, who was the defendant in the other action, was based upon a different principle. Reference to the contract as peculiar evidently referred to the fact that the situation was one not existing in the case of an ordinary purchase of merchandise, and in the light of the judge's full statement of principles governing both actions, it is apparent that the jury were not misled thereby.

The remaining exceptions are to the refusal of the plaintiff's requests numbered 3, 4, 5, 12 and 13. Those numbered 3, 4 and 5 in effect sought instructions that the presumption that the funeral expenses of the deceased person are contracted on the credit of the estate had no force where the action is against a person other than the executor or administrator, and means nothing more than that the credit of the estate is pledged for that purpose either to the person primarily entitled to recompense or to a third person who may have paid the obligation. However, it has been declared in an action against a third person that the " presumption is that funeral expenses are incurred on the credit of the estate of the deceased; " and in the action in which these words were used it was further said, " There is nothing in the case to overcome this presumption, so far as the defendant [who like the defendant here was a third person] is concerned." *Rice* v. *New York Central & Hudson River Railroad*, 195 Mass. 507, 510. This language was pertinent to the case decided. It was part of the reason for the decision. It is authoritative. In the present case, what was said and done could be considered in the light of this presumption as possibly affecting the intent of the parties. The rulings were properly refused and the instructions given were sufficient.

In requests 12 and 13, the plaintiff in substance asked rulings that if the defendant ordered the furnishing of materials

and the rendering of services without informing the plaintiff that she did so upon the credit of the estate or of some person other than herself, she was liable therefor.   The effect of such failure was for the jury.   The result contended for did not follow as a matter of law.   This conclusion is necessitated by considerations already stated.   The refusal of these requests was not error.

*Exceptions overruled.*