No. 144385      Municipal      Suffolk, ss.
GUARANTE      (S. Ray Smedile, Bernard Kaplan)
v. PALERMO, et al      (Eli A. Glasser, Frank Ranacorti)

From the Municipal Court of Boston—Cohen, J.
Argued November 3, 1941—Opinion Filed December 10, 1941

ZOTTOLI, J. (Putnam, C.J., & Gillen, J.)—This is an action of contract wherein the plaintiff seeks to recover for services rendered and materials furnished including a burial lot, all in connection with the services and interment of one Anthony Palermo the husband of the defendant Mary Palermo, and brother of the other two defendants, Mary DeSimone and Theresa Capodilupo. The plaintiff's declaration in substance alleges that the said services and material were furnished at the special order and request of the defendants. The questions reported concerned only the two defendants DeSimone and Capodilupo. As to them there was testimony tending to show that the plaintiff had at some prior time furnished similar service and material to the defendant DeSimone; that at the time of the death of Anthony Palermo the plaintiff at the request of the husband of the defendant Capodilupo called at the home of the defendant DeSimone and there had a talk with the defendants with relation to furnishing services and material in connection (with the funeral and interment of the deceased Palermo).

The Court denied certain of the defendants' requests for rulings and "found that the defendants DeSimone and Capodilupo made a direct contract with the plaintiff, found that the defendants had received and accepted the services rendered and the materials furnished by the plaintiff—and found for the plaintiff on the declaration against the defendants DeSimone and Capodilupo."

The defendants, DeSimone and Capodilupo, "claiming to be aggrieved by the findings of the Court and the refusal of. the Court to grant the requests for rulings filed by those defendants—the trial judge reports—the same to this division for its determination.

The defendants' first and second requests were properly denied. The evidence reported warranted the special findings of the trial judge. The defendants' words and acts interpreted in the light of the surrounding circumstances warranted findings that the defendants reasonably were understood to contract in their private capacities. The issue presented was one of fact. Whether the evidence warranted any other conclusion is not necessary to consider. *Joseph S. Waterman & Sons, Inc.* v. *Hook,* 246 Mass. 522. "It is well settled that where credit is given solely to the promisor he is bound. upon his oral promise,

[ 177 ]

and the statute of frauds is not a defense even though the merchandise was delivered to a third person at the request of a promisor." *Hammond Coal Co., Inc.* v. *Lewis,* 248 Mass. 499. Nor is there any error shown in the Court's denial of the defendants' third request. The evidence reported shows that the contract was for "services" and "materials" and money expended for a "burial lot." There is nothing in the evidence reported that shows there was a sale of goods of a value in excess of $500. An appellant is bound to see that the report includes all necessary matter to enable the Appellate Division to decide whether the denial of rulings is erroneous. The defendants have failed to do this and, therefore, no error is shown in *the denial* of their third request. *Posell* v. *Herscovitz,* 237 Mass. 513; *Vengrow* v. *Grimes,* 274 Mass. 278.

The order therefore is—Report dismissed.