Joseph E. Murphy, for the defendant.

*Northern District*

No. 4709

**DAN SWEENEY**

v.

**LOUISE AGNES, individually
and as she is the Adm'x of the estate of
Frank Agnes.**

(January 6, 1954)

*Eno, J.* This is an action of contract against a wife, individually and as administratrix of the estate of her late husband, for his funeral expenses.

The Court made the following findings of facts which include substantially all the material reported evidence:

"This is an action of contract to recover for services rendered as a Funeral Director in connection with the burial of Frank Agnes, late of Malden. The defendant is the widow of the decedent, Frank Agnes, and is also the Administratrix of his Estate.

Frank Agnes died at his home in Malden, Mass. on December 12, 1950. At the time of his death there were present at his home, the Defendant, three sons of the Decedent by a former marriage, and some other persons. Immediately after the Decedent's death, it was suggested that the women present should withdraw to the home of a neighbor, and they did so. John Agnes, a son of the Decedent, called the plaintiff on the telephone, told him that the father "had passed away" and requested him to come to the home. This telephone call was not made at the request of the Defendant.

The plaintiff came to the home and arranged for the removal of the body. He, at this time went next door and talked to the Defendant. She was emotionally upset. He inquired whether there was to be a Funeral Mass and she requested a Solemn High Mass. She said her brother would select a casket. The next day, a son of the Decedent and the Defendant's brother accompanied the plaintiff to a casket supply house and selected a casket. They also selected a suit to clothe the body. The plaintiff, on the afternoon of that day, inquired if the arrangements and services were satisfactory and the Defendant answered in the affirmative. The plaintiff discussed with the defendant the number of funeral cars needed.

The plaintiff rendered the services for which recovery is sought in this action and it is agreed that the fair and reasonable value of such services is $1164.20.

The defendant and the Decedent owned the two family house, in which they lived as tenants by the entirety. The only assets of the estate were a vacant lot of land in Maine in addition to a claim to several articles of small value. The lot of land in Maine has a value of about $200.00.

The defendant did not expressly promise to pay the plaintiff for his services. The defendant, at the time of the rendition of the services and during her conversations with the plaintiff did not have in mind the question of what person would be liable for the bill.

Insofar as it is a question of fact, I find that the defendant did not, as an individual, expressly or impliedly promise to pay the plaintiff for his services."

The court allowed these requests of the plaintiff:

"1. On all the evidence, the Court is warranted in finding for the plaintiff against the defendant as administratrix.

2. On all the evidence, the Court is warranted in finding for the plaintiff against the defendant individually.

3. On all the law, the Court is warranted in finding for the plaintiff against the defendant as administratrix.

5. If the defendant individually contracted for the plaintiff's services, she is personally responsible for his bill."

and denied the following:

"4. On all the law, the Court is warranted in finding for the plaintiff against the Defendant individually.

6. If the defendant did not individually contract for the plaintiff's services, she, nevertheless is responsible for the funeral expenses of her spouse on a contract implied in law. *Magrath v. Sheehan*, 296 Mass. 263.

7. Where the spouse dies leaving no assets, the surviving spouse is liable for the funeral bill on a contract implied in law. *Green v. Horton*, 326 Mass. 503.

8. Where the deceased spouse's asset at the time of his death was his interest in realty held by the spouses as tenants by the entirety, the surviving spouse is liable for the funeral bill

on a contract implied in law. *Diamond v. Ganci,* 328 Mass. 315."

The court found for the plaintiff against the defendant as administratrix and found for her as an individual.

The report states that it contains all the evidence material to the question reported.

This question to be decided is *whether or not a wife is personally liable for the funeral expenses of her late husband, if she did not expressly or impliedly promise to pay for the same.*

During the existence of the marriage a wife is not liable for her husband's debts, except up to the amount of $100.00 jointly with him, for necessaries furnished with her knowledge or consent, if she has property to the amount of $2000.00 or more. G. L. (Ter. Ed.) c. 209, § 6.

The only other statutory liability imposed on her is by G. L. c. 123, § 96, by which a wife may be obliged to pay up to $10.00 per week for the support of her husband, if an inmate of a state hospital.

Then while a husband is liable under G. L. c. 273, § 1, to support his wife, there is no statute which compels her to support him.

Therefore, if during the existence of the marriage she is not liable for his support nor for his debts. there surely cannot be any liability for his funeral expenses, if, as the trial judge found in this case, she "did not, as an individual, expressly or impliedly promise to pay the plaintiff for his services."

Neither is the plaintiff helped by the common law, because by the very great weight of authority she is under no liability for the funeral expenses of her husband at common law. *Compton v. Lancaster,* (Ky) 114 SW 260; *O'Hagan v. Fraternal Aid Union,* 144 S.C. 84, 88; *Rutecki v. Lukaszewski,* 79 NYS 2d 341; *Collins v. Sam R. Greenberg & Co.,* 73 Ga. Appeals 377, 378; *Dennis v. Shaw,* 137 Conn. 450; 27 Am. Jur. 59 §460; 41 CJS 533, §63.

The cases cited by the plaintiff in his brief are not in point, since they all involve cases against husbands

which hold them liable for the burial expenses of their wives. *Magrath v. Sheehan,* 296 Mass. 263; *Green v. Horton,* 326 Mass. 503; *Diamond v. Ganci,* 328 Mass. 315.

The case of *Joseph S. Waterman & Sons, Inc. v. Hook,* 246 Mass. 522 seems to be the nearest in point, and much stronger in favor of that plaintiff. In that case the wife, "on the day after her husband's death and after the plaintiff's employee had prepared the body for burial" she "visited the plaintiff's warerooms, gave directions for the funeral and interment, and selected an expensive bronze casket which was used in the burial." The court held that "the proper expense of a funeral is a preferred charge against the estate of a deceased person. G. L. c. 198, §1. The credit of the estate may be pledged to a reasonable amount for the necessary purchase of a place of burial. *Pettengill v. Abbott,* 167 Mass. 307. *Marple v. Morse,* 180 Mass. 508. G. L. c. 206, §14. The liability of the estate is one "on a promise implied by law and arising from the necessity of the case," and exists although resulting from action taken before the appointment of an executor. *Durkin v. Langley,* 167 Mass. 577, 578. *Sweeney v. Muldoon,* 139 Mass. 304. A stranger can count upon the obligation if justified in intermeddling. *Sweeney v. Muldoon,* supra, *Constantinides v. Walsh,* 146 Mass. 281; *Hayes v. Gill,* 226 Mass. 388.

The plaintiff's representative knew that there was a necessity for immediate action, and that what the widow reasonably did concerning his funeral charges would bind the estate of her husband. In the circumstances no presumption of law arose from the request for rendition and subsequent performance that the one who acted did so only on personal responsibility. There was no direct promise on which to found an obligation. The plaintiff's book did not name the defendant as debtor. No intent to assume personal responsibility appears other than by inference from the import of the plaintiff's acts and from

the direction to send the bill. There was evidence admitted without objection that no such intention in fact existed, although that fact does not aid the defendant if, as a reasonable person, she should have understood that that was the expectation. *Spencer v. Spencer,* 181 Mass. 471. In cases like this the request to send the bill could be found to be consistent with the theory of liability of the estate as distinguished from that of the defendant. The defendant's words and acts did not require a finding of liability. Cases like *Hunting v. Ward,* 175 Mass. 223, and *Charron v. Day,* 228 Mass. 305, while pertinent to an issue of fact on liability, do not aid the plaintiff in its present contention."

It follows that the plaintiff's requests as phrased could not be granted as a ruling of law, and the judge having found against him on the facts, there was no prejudicial error and the report is to be dismissed.

Albert J. Mayer, for the plaintiff.

Viola & Singer, for the defendant.