WILLIAM TAYLOR AND OTHERS, APPELLANTS, *v.* GEORGE M. SAVAGE, EXECUTOR OF SAMUEL SAVAGE, DECEASED, DEFENDANT.

The case of Taylor and others *v.* Savage, 1 Howard, 282, examined and confirmed.

THIS case came before the court at the last term, and is reported in 1 Howard, 282.

It was brought up again on a motion to dismiss the appeal.

*Morehead*, who made the motion, referred to the decision at the last term, and said that notwithstanding that decision, the case was still here. He considered the opinion of the court as covering the whole ground.

*Crittenden*, contra.

Both parties appealed from the decision of the court below; but Savage did not perfect his appeal. There is a difficulty in making proper parties, if the case is sent back. The law of Alabama says that administration of the estate shall be attached to the office of sheriff, but his official term will soon expire, and we shall have to litigate with temporary administrators.

*Berrien*, on the same side, thought there was still a case before the court upon which it could act. It is true that the decree below was rendered on the same day that the administrator was removed; but notwithstanding this, it was well rendered. If a party dies, the court will direct a judgment to be entered as on the first day of the term. 2 Peters, 481.

Taylor et al. *v.* Savage's Executor.

There is no difference between a party dying and one in a representative character being removed. This must have been the view of the court; the validity of the decree must have been recognised when they said that the voluntary appearance of Benham would cure all defects. The decree could not have been considered null. If the decree was well rendered, the appeal was well taken, because it was taken at the same term whilst the proceedings were within the power of the court. The appeal was prayed and allowed in open court. This court can now proceed either,

1. By Benham's voluntary appearance, or
2. By issuing process to bring him in.
1. This was decided at the last term.
2. Benham's will cannot give the court jurisdiction. The 28th rule provides for the death of a party and summoning another to take his place. The same power that adopted this rule can modify it and say that the successor to an executor can be summoned. The power to establish a general rule involves the power to make a special one to suit a particular case; general rules are made only to prevent specific orders.

*Sergeant*, in reply and conclusion, argued at some length that the decision at the last term covered the case as it now stood. The party on the other side must go into the court below and have the record put into a correct form.

Mr. Justice STORY delivered the opinion of the court.

The court have had this case under consideration, and are of opinion that it is completely governed by the decision made in the same case at the last term of this court, which is reported in 1 Howard's Rep. 282. An attempt has been made at the bar to distinguish the former decision from that now sought, by suggesting that the former proceeded mainly upon the ground that the appeal was irregularly made, and did not directly involve the question now argued. We think otherwise; and that the ground of that decision completely covers all that has been urged upon the present occasion; not as mere incidental suggestions, but as the very hinge on which the case turned. Notwithstanding the opinion of this court then expressed, that the case might be remanded to the District Court, for the purpose of making the proper parties, the appellants have neglected, during a whole year, to take a single step for the remanding of the

case, or instituting any proceedings in the court below; which laches certainly ought not to produce any result in their favour.

The appeal is, therefore, dismissed, and the cause is remanded to the District Court of the northern district of Alabama, with leave to the appellants to make the proper parties, and to the new administrator, Benham, to become a party to the suit; and that such other proceedings be had as to law and justice shall appertain.

### ORDER.

This cause came on to be heard on the transcript of the record from the District Court of the United States for the northern district of Alabama, and was argued by counsel. On consideration whereof, It is ordered and decreed by this court, that this appeal be, and the same is hereby dismissed, and that this cause be, and the same is hereby remanded to the said District Court, with leave to the appellants to make the proper parties, and to the new administrator, Benham, to become a party to the suit; and that such other proceedings be had therein as to law and justice shall appertain.