NATIONAL BANK OF TROY *vs.* RACHEL W. STANTON, executrix.

Hampshire.    Sept. 16, 1874. — Jan. 6, 1875.    WELLS & MORTON, JJ., absent.

An executor and residuary legatee who has given bond to pay debts and legacies, and, being afterwards required by the judge of probate to give a similar bond in a larger sum, fails to do so, may be removed from office by the judge of probate, and after such removal no judgment can be rendered against him in an action previously brought against him in his representative capacity on a debt of the testator

The provision of the Gen. Sts. c. 97, § 16, that "no executor or administrator shall be held to answer to the suit of a creditor of the deceased, if commenced within one year after his giving bond for the discharge of his trust," includes an executor who is also a residuary legatee and has given bond to pay debts and legacies; and the exception in the statute, "unless it is for the recovery of a demand that would not be affected by the insolvency of the estate," does not apply to a suit brought against such an executor upon a debt of the testator, which is not preferred by statute.

An action was brought upon a general debt of a testator against his executor, in his representative capacity, who was also residuary legatee and had given bond to pay debts and legacies. The executor was subsequently removed, and an administrator de bonis non appointed. The answer of the executor set up merely his removal and that he ought not to be held to answer. Held, that the administrator was properly allowed to defend the action and to file an answer setting up that it was brought within one year from the giving of the bond by the executor; and that this fact, if proved, was a defence to the action.

CONTRACT on a promissory note for $1324.15, made by the Hampden Manufacturing Company, and indorsed by Jabez Stanton, deceased, who, by his will, made his widow, Rachel W. Stanton, executrix and residuary legatee.

In December, 1872, the Probate Court admitted the will to probate, and appointed Mrs. Stanton executrix, and approved a bond filed by her, with sureties, in the sum of $3000, to pay debts and legacies.

The plaintiff made a demand on her for payment of the note, and, the same not being paid, on May 12, 1873, brought this action, returnable at June term of the Superior Court, against her as executrix of Jabez Stanton. The writ commanded the officer to attach the goods and estate of the testator in her hands; and the declaration alleged the making and indorsement of the note, demand of payment on the maker, its neglect to pay, and due notice to the testator of nonpayment, the probate of the will, the defendant's acceptance of the trust of executrix and giving bond to pay debts and legacies, that the note was a just debt against the testator, and that the defendant owed the plaintiff the amount thereof and interest.

The Probate Court in June, 1873, upon the petition of another creditor, ordered that she should give a new bond with sureties in the sum of $20,000, and, after notice to her to show cause against it, and she not appearing nor filing such a bond, on August 5, 1873, passed an order removing her from her trust as executrix,

and appointed Enos Parsons administrator *de bonis non*, with the will annexed, who gave bond in the usual form, with sureties to the satisfaction of the judge of probate, for the performance of his trust.

At October term, 1873, of the Superior Court, Mrs. Stanton filed an answer, alleging her removal and the grant of administration to Parsons, and therefore that she ought not to be held to answer to this action.

At the same term, Parsons applied for leave to come in and take upon himself the defence of the action ; and at February term 1874, (having meanwhile represented the estate insolvent, and commissioners having been appointed by the Probate Court to receive proof of debts against it,) was permitted to appear and file an answer, setting up, 1st. That the action was prematurely brought, namely, within one year from the approval and filing of the bond given by the executrix.   2d. The representation of insolvency and appointment of commissioners, and that the plaintiff's claim was provable before the commissioners and not in this action.   3d. His ignorance of the facts alleged in the declaration, so that he could neither admit nor deny, but left the plaintiff to prove the same.

No question was made by Mrs. Stanton as to her liability upon the note in suit, except by reason of the order removing her from the trust of executrix.   There are not known to be any assets of the estate, except real estate valued at about $3000, and Mrs. Stanton's bond, so far as that can be deemed assets.

By consent of parties, and before verdict, the case was reported by *Aldrich*, J., for the consideration of this court.   If, upon the facts above stated, the action could be maintained against Mrs. Stanton, either as executrix or as residuary legatee, judgment to be rendered for the plaintiff for the amount of its claim in such form as this court might determine ; if it could not be maintained against her, but might against the administrator *de bonis non*, the case to stand for trial ; otherwise, the plaintiff to become nonsuit.

*D. W. Bond*, for the plaintiff.

*E. B. Gillett & H. B. Stevens*, for the executrix.

*C. Delano*, for the administrator *de bonis non*.

GRAY, C. J.   The executrix and residuary legatee, having given bond to pay debts and legacies, would doubtless be estopped to deny assets in any action to enforce the personal obligation thereby assumed by her ; as, for instance, in an action upon a promissory note given by her for a debt of the testator, or an action to recover a legacy. *Stebbins* v. *Smith*, 4 Pick. 97. *Jones* v. *Richardson*, 5 Met. 247.   *Colwell* v. *Alger*, 5 Gray, 67.

But the present action is not brought upon her bond, or in any form against her personally.   It is an action upon a contract of the testator, and brought against her merely as his representative ; the writ commands the officer to attach the goods and estate of the testator in her hands ; and any judgment recovered against her would be *de bonis testatoris*, and not *de bonis propriis*. *Hapgood* v. *Houghton*, 10. Pick. 154.

The judge of probate, if satisfied that the bond given upon her appointment was insufficient security for those interested in the estate, might lawfully require her, as well as any other executor, to give a new bond in a larger sum ; and, upon her refusal or neglect to do so, remove her from the office of executrix, and appoint an administrator *de bonis non* with the will annexed.   Gen. Sts. *c.* 101, §§ 2, 15, 17.

Upon her removal from the office of executrix, her liability to, and right to defend against, this action ceased.   It follows that no judgment therein can be rendered against her.   *Taylor* v. *Savage*, 1 How. 282, and 2 How. 395.

The administrator *de bonis non* having accepted and qualified under his appointment, it was his duty to assume the defence of this action as the legal representative of the testator.  Gen. Sts. *c.* 128, §§ 11, 12.   *Brown* v. *Pendergast*, 7 Allen, 427.

No answer to the merits having been previously filed, and the administrator having obtained leave of the court to file such an answer, he might set up therein that the action was prematurely brought — that being a matter pleadable in bar of the action, and not in abatement only.   *Benthall* v. *Hildreth*, 2 Gray, 288.

By the Gen. Sts. *c.* 97, § 16, " no executor or administrator shall be held to answer to the suit of a creditor of the deceased, if commenced within one year after his giving bond for the discharge of his trust, unless it is for the recovery of a demand that would not be affected by the insolvency of the estate, or unless

it is brought after the estate has been represented insolvent, for the purpose of ascertaining a contested claim." The comprehensive words of this statute — " no executor or administrator " — include those who, being also residuary legatees, have given bond to pay debts and legacies, as well as those who have given bond in the ordinary form. *Holden* v. *Fletcher*, 6 Cush. 235. The whole section relates to suits against executors or administrators as such. The exception of " a demand that would not be affected by the insolvency of the estate," is clearly shown, by referring to the other statutes upon the subject, to apply to expenses of the last sickness and funeral of the deceased, and preferred debts to the government and for taxes ; although it is true, as suggested by the learned counsel for the plaintiff, that such debts might be entitled to a dividend only, if the estate should prove insufficient to pay them in full. Sts. 1784, *c.* 2 ; 1788, *c.* 66, § 2. Rev. Sts. *c.* 66, § 10 ; *c.* 68, §§ 1, 19, and commissioners' note. Gen. Sts. *c.* 99, §§ 1, 20. *Hapgood* v. *Houghton*, 10 Pick. 154, 156. *Wilson* v. *Shearer*, 9 Met. 504, 507. This exception might also apply to claims against an executor or administrator for property in his hands, which the deceased held without right or upon a trust, and which were not assets for distribution among creditors. 2 Williams on Executors (5th Am. ed.) 1565. *Johnson* v. *Ames*, 11 Pick. 173, 181. Gen. Sts. *c.* 128, §§ 3, 4. But it does not include debts like that of the plaintiff, which, as against the estate of the deceased, would be affected by the insolvency thereof equally with the claims of his creditors generally. This action, having been brought before the estate was represented insolvent, is not within the other exception in the statute.

The objection that the action was prematurely brought is therefore a good defence, and, having been duly pleaded, the result is that, according to the terms of the report on which the case was reserved, there must be a                    *Nonsuit.*