GEORGE STUDLEY *vs.* JOSEPH B. WILLIS, administrator.

Suffolk.   January 18. — 19, 1883.   FIELD & W. ALLEN, JJ., absent.

An action against an administrator, for the expenses of the funeral of his intes-
tate, brought within a year of the publication of notice of his appointment, is
within the exception in the Gen. Sts. *c.* 97, § 16, of "a demand that would not
be affected by the insolvency of the estate," and may be maintained.

CONTRACT, upon an account annexed, for the expenses of the
funeral of the defendant's intestate.   Writ dated July 19, 1881.
Answer:  1. A general denial.   2. That the action was prema-
turely brought.   Trial in the Superior Court, before *Rockwell*,
J., who allowed a bill of exceptions, in substance as follows:

The evidence tended to show that the items in the plaintiff's
account were correct, and that they actually accrued in the
burial of the intestate; that the defendant was duly appointed
administrator of the estate of the intestate on March 1, 1880,
and gave bond, but that he failed to give due notice of his
appointment as ordered by the court; that, having through ac-
cident or mistake failed to give such notice, he was ordered, on
January 3, 1881, by the Probate Court, to publish notice of his
appointment in a Boston newspaper within three months; and
that on June 4, 1881, the affidavit of notice, duly given in ac-
cordance with the last-named order, was filed in the Probate
Court.

On the above facts, the defendant requested the judge to rule
that the action could not be maintained; contending that the
action was prematurely brought, because it could not be brought
until after the expiration of a year from the time of passing the
order of January 3, 1881.   The judge declined to rule as re-
quested by the defendant, and ruled that the plaintiff was not
a creditor of the deceased in the sense of the statute; that the
items of the account being for the funeral expenses of the
deceased, the plaintiff's was a preferred claim, and would not
be affected by the insolvency of the estate, and was not included
in the class of claims where an executor or administrator shall
not be held to answer to a suit commenced within one year after
his giving bond, or after giving notice of his appointment pursu-
ant to the order of the Probate Court, where the first notice

through accident or mistake had not been given; and that the action could be maintained.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*J. T. Wilson*, for the defendant.

*W. C. Williamson*, for the plaintiff.

By THE COURT. The provisions of the Gen. Sts. c. 97, § 16, that "no executor or administrator shall be held to answer to the suit of a creditor of the deceased, if commenced within one year after his giving bond for the discharge of his trust, unless it is for the recovery of a demand that would not be affected by the insolvency of the estate, or unless it is brought after the estate has been represented insolvent, for the purpose of ascertaining a contested claim," are not a bar to this suit, as contended by the defendant. Without considering the other answers to his claim, it is clear that the plaintiff's debt, being for the expenses of the funeral of the deceased, is within the exception of "a demand that would not be affected by the insolvency of the estate," and therefore the prohibition against bringing a suit within a year does not apply to it. *Troy National Bank* v. *Stanton*, 116 Mass. 435.

*Exceptions overruled.*