EDITH H. KNIGHT vs. SHERIDAN U. GRANT, administrator.
FRED KNIGHT vs. SAME.

Essex. November 5, 1914. — November 6, 1914.

Present: RUGG, C. J., HAMMOND, SHELDON, DE COURCY, & CROSBY, JJ.

*Limitations, Statute of. Executor and Administrator. Words, "Giving bond."*

In R. L. c. 141, § 9, providing that an executor or administrator, after having given
due notice of his appointment, should not be held to answer to an action by a
creditor of the deceased which was not commenced within two years "from the
time of his giving bond," the time of "giving bond" is the time when, upon
the approval of his bond, his letter of administration is issued.

TWO ACTIONS OF CONTRACT against the administrator with the
will annexed of the estate of Robert I. Smith, late of Lawrence,
for services in the care, attendance upon and nursing of the
defendant's testate. Writs dated March 1, 1913.

In the Superior Court the cases were tried before *Sanderson,* J.
It appeared in each case that the defendant's petition for adminis-
tration was returnable in the Probate Court on February 27,
1911, that his bond as administrator was dated March 1, 1911,
and that the bond was approved and his letter of administration
was issued on March 9, 1911. The writs in these actions were
served upon the defendant on March 3, 1913. The defendant
asked for a ruling that the action was not commenced within two
years from the time of his giving bond as administrator. The
ruling was refused.

There was a verdict for the plaintiff in the first action in the
sum of $763.63, and also in the second action in the sum of
$1,260.75. The defendant alleged exceptions.

The cases were submitted on briefs.

*C. F. Sargent,* for the defendant.

*J. P. Sweeney & L. S. Cox,* for the plaintiffs.

BY THE COURT. The statute of limitations begins to run against
an administrator from the date of the letter of administration.
This has been decided to be the time of "giving bond" as these
words are used in R. L. c. 141, § 9. *Wells* v. *Child,* 12 Allen, 330.

Therefore these actions were brought seasonably. It is too plain for discussion that there is nothing at variance with this in *Morrissey* v. *Morrissey*, 180 Mass. 480.

*Exceptions overruled.*