John J. Breen *vs.* Mary A. Burns, administratrix.

Essex.    February 3, 1932. — September 13, 1932.

Present: Rugg, C.J., Crosby, Wait, & Field, JJ.

*Limitations, Statute of. Executor and Administrator*, Funeral expenses. *Pleading, Civil*, Answer.    *Evidence*, Competency, Presumptions and burden of proof.

The writ in an action of contract in a district court to recover for materials furnished and services rendered in connection with a funeral directed attachment of the goods or estate which were of the deceased person in the possession of an administratrix of his estate and that the administratrix be summoned to defend.  The defendant in her answer averred that "no suit . . . was instituted until after the expiration of one year from" her appointment "and therefore the same is barred by statute of limitations."    At the hearing of the action, it appeared that the materials were furnished and the services were rendered at the request of the widow of the deceased, who afterwards was appointed administratrix.    There was no evidence of an express promise by the defendant, before or after her appointment, to pay such funeral expenses.    The defendant conceded liability "unless the claim of the plaintiff was barred by the statute of limitations as pleaded by the defendant." Subject to objection by the plaintiff, the judge admitted in evidence a certified copy of an affidavit of notice of appointment of the defendant as administratrix, filed in the registry of probate, as evidence that such appointment was more than a year before the action was begun. Neither party made requests for rulings.    There was a general finding for the defendant, without specific findings or rulings.    The plaintiff appealed from an order by the Appellate Division dismissing a report by the trial judge. *Held*, that

(1) The plaintiff was a "creditor of the deceased," liability to pay his claim being imposed upon the estate by law, independent of any contract made or act done by the administratrix;

(2) The applicable statute of limitations was G. L. c. 197, § 9, and not G. L. c. 260, § 11;

(3) No question as to the form of the answer having been raised at the trial, none was open in this court;

(4) The certified copy of the affidavit and of the defendant's appointment as administratrix was competent under G. L. c. 195, § 2, and was material on the issue whether the action was barred under G. L. c. 197, § 9;

(5) The special statute of limitations having been pleaded, the burden was cast upon the plaintiff of proving that the action was commenced within the time limited;

(6) It could not properly have been ruled as matter of law that this burden was sustained;

(7) The record did not disclose that the judge ruled that the burden of establishing the defence of the statute of limitations rested upon the defendant or that the evidence warranted a finding of the facts essential to such an affirmative defence; it was not necessary to determine whether such facts could have been found upon the evidence.

CONTRACT. Writ in the District Court of Lawrence directing the officer "to attach the goods or estate which were of John J. Burns, late of Lawrence, in said County of Essex, deceased, intestate, now in the hands and possession of Mary A. Burns, of Newburyport, in said County, Administratrix of the goods and estate of said John J. Burns," and summoning the administratrix to defend, dated April 22, 1931.

In the District Court, *Chandler*, J., found for the defendant and reported the action to the Appellate Division for the Northern District. The substance of the report is described in the opinion. The report was ordered dismissed. The plaintiff appealed.

*J. J. Fox, Jr.*, for the plaintiff.

*W. J. Delaney*, for the defendant.

FIELD, J. This action of contract, begun by writ dated April 22, 1931, was brought in a district court against the administratrix of the estate of John J. Burns, who died February 11, 1930, to recover for materials furnished and services rendered in connection with his funeral. The defendant's answer was a general denial, payment and the statute of limitations. At the trial liability was conceded "unless the claim of the plaintiff was barred by the statute of limitations as pleaded by the defendant." Neither party filed any requests for rulings. There was a general finding for the defendant and a report to the Appellate Division which was dismissed. The plaintiff appealed.

1. A question of evidence is reported. The trial judge admitted, over the objection of the plaintiff, a certified copy of an affidavit of notice of appointment of the defendant as administratrix from the Probate Court records.

This copy was admitted rightly. By statute such an affidavit is admissible "as evidence of the time, place and manner in which the notice was given" (G. L. c. 195, § 2,

*Leggat* v. *Bowker*, 270 Mass. 497), and such evidence was material on the issue of the statute of limitations raised by the pleadings.

For reasons hereinafter stated the applicable statute of limitations is G. L. c. 197, § 9, which provides that an "administrator, after having given due notice of his appointment, shall not be held to answer to an action by a creditor of the deceased which is not commenced within one year from the time of his giving bond . . . ," with exceptions not here material, rather than G. L. c. 260, § 11, which provides that an "action founded on any contract made or act done . . . by any person acting as the executor, administrator or other legal representative of the estate of a deceased person, shall be brought within one year . . . after the right of action accrues."

It is not disputed that the materials were furnished and the services rendered at the request of the defendant, the widow of the deceased, before her appointment as administratrix of his estate. However, the "presumption is that funeral expenses are incurred on the credit of the estate of the deceased" (*Rice* v. *New York Central & Hudson River Railroad*, 195 Mass. 507, 510), and nothing in the case overcomes this presumption. There is no evidence of an express promise by the defendant, before or after her appointment, to pay the funeral expenses of her husband, and the effect of such a promise need not be considered. See *Durkin* v. *Langley*, 167 Mass. 577, 578, and cases cited. Compare *Joseph S. Waterman & Sons, Inc.* v. *Hook*, 246 Mass. 522, 526–527. Liability for proper funeral expenses is based "on its peculiar ground" (*Luscomb* v. *Ballard*, 5 Gray, 403, 405), that is, "on a promise implied by law and arising from the necessity of the case." *Durkin* v. *Langley*, 167 Mass. 577, 578. *Joseph S. Waterman & Sons, Inc.* v. *Hook*, 246 Mass. 522, 526. Funeral expenses for which an estate is liable may be incurred by any person — even a stranger — who is justified in intermeddling, and obviously by a widow later appointed administratrix. *Constantinides* v. *Walsh*, 146 Mass. 281. *Hayes* v. *Gill*, 226 Mass. 388. It has been said that the "law raises a promise on the part of an adminis-

trator, so far as he has assets, to pay the reasonable funeral expenses . . . although they are incurred before his appointment" (*Sweeney* v. *Muldoon*, 139 Mass. 304, 305–306), and this explanation of the liability may be of procedural importance (see *Hapgood* v. *Houghton*, 10 Pick. 154), but, in substance, the liability is imposed upon the estate by law, independent of "any contract made or act done" by the administrator. The action, therefore, falls outside G. L. c. 260, § 11. Compare *New York Trust Co.* v. *Brewster*, 241 Mass. 155, 160.

On the other hand, the action is within G. L. c. 197, § 9. It is an "action by a creditor of the deceased" within the meaning of this statute. Though the specific liability arose after the death of the deceased, it arose because of his death and his estate "is just as liable for the coffin and other necessary charges of the funeral, as for necessary supplies in the lifetime." *Hapgood* v. *Houghton*, 10 Pick. 154, 156. *Kingman* v. *Soule*, 132 Mass. 285, 289. An action for funeral expenses, except as a claim therefor is preferred (G. L. c. 198, § 1), differs in no essential particular from an action for a debt due from the deceased. In either case the action is against the estate of the deceased — though entitled as against the defendant as administrator thereof (see *Yarrington* v. *Robinson*, 141 Mass. 450) — and an execution runs against the "goods and estate" of the deceased in the hands of the administrator, though the statute in terms applies only to executions "for debts due from the testator or intestate." *Hapgood* v. *Houghton*, 10 Pick. 154. *Luscomb* v. *Ballard*, 5 Gray, 403, 405. *Sweeney* v. *Muldoon*, 139 Mass. 304, 306. G. L. c. 230, § 6. Compare St. 1783, c. 32, § 9; Rev. Sts. c. 110, § 1; Pub. Sts. c. 166, § 5. It was early held — under statutes limited in scope (see *Stowers* v. *Barnard*, 15 Pick. 221, 223) — that claims for funeral expenses, like debts due from the deceased, could be set off against debts due to the deceased. *Adams* v. *Butts*, 16 Pick. 343. See now G. L. c. 232, § 6. The desirability of speedy settlements of estates is the justification for the short statute of limitations of actions to recover debts due from deceased per-

sons. There is the same justification for the limitation of actions for funeral expenses. Moreover, there is even less reason for objection on the part of a claimant for funeral expenses to the application of this statute to an action on his claim, since, unlike the ordinary creditor, he can bring suit immediately after the appointment of the administrator and is not required to wait six months before doing so. G. L. c. 197, § 1. *National Bank of Troy* v. *Stanton,* 116 Mass. 435. *Studley* v. *Willis,* 134 Mass. 155. The resemblance between the liability of an estate for the expenses of the last sickness remaining unpaid at the death of the deceased, for which, of course, he became indebted in his lifetime, and its liability for his funeral expenses (compare *Hayes* v. *Gill,* 226 Mass. 388, 390), is specially close. The difference between them is technical rather than substantial. They are classed together for the purpose of preference in payment where the estate is insufficient to pay all debts (G. L. c. 198, § 1), and may well be classed together under statutes of limitations. It is to be inferred from the opinion in *National Bank of Troy* v. *Stanton,* 116 Mass. 435, 439, construing Gen. Sts. c. 97, § 16, (now G. L. c. 197, § 1,) which provided that no "administrator shall be held to answer to the suit ['action' in G. L. 197, § 1,] of a creditor of the deceased, if commenced within one year ['six months' in G. L. c. 197, § 1,] after his giving bond," with certain exceptions, among them proceedings for the recovery of demands not affected by the insolvency of the estate, that a "suit" or "action" for funeral expenses, like a "suit" or an "action" for expenses of the last sickness of the deceased, is regarded as brought by a "creditor of the deceased," though it is excepted from the application of the statute because brought for the recovery of a demand not affected by the insolvency of the estate. See also *Studley* v. *Willis,* 134 Mass. 155. The words "action by a creditor of the deceased" in the closely related statute, G. L. c. 197, § 9, (formerly Gen. Sts. c. 97, § 5), fixing the end of the period within which such an action shall be commenced, must be taken to have been used with the same inclusive meaning.

The defendant in her answer pleaded the limitation imposed by G. L. c. 197, § 9, in defence of the action. This is the natural import of the averment therein that "no suit . . . was instituted until after the expiration of one year from the date of the appointment of the administrator, and therefore the same is barred by statute of limitations." The period of limitation of one year runs "from the time" of the administrator's "giving bond," but this "time" is the "date of the letter of administration." *Knight* v. *Grant*, 219 Mass. 199. The plaintiff, therefore, had notice of the general nature of the defence. He contends, however, that the answer was insufficient because it did not set up in terms the giving of bond by the defendant or the giving of notice by her of her appointment. But this question of the form of the answer does not appear to have been raised specifically at the trial and is not reported. It was not open on an objection to the admission of evidence material upon the issue made generally by such answer and, in these circumstances, even if, as we need not decide, the answer was insufficient as matter of pleading, such insufficiency was not a reason for the exclusion of the evidence. *Low* v. *Low*, 197 Mass. 158, and cases cited.

Obviously, evidence of due notice of the appointment of the defendant as administratrix was material on the issue whether the action was barred under G. L. c. 197, § 9.

2. The plaintiff argues that, as matter of law, the general finding for the defendant was not warranted. He contends that this general finding involved necessarily rulings "that the statute of limitations as pleaded by the defendant was a bar or defence to the maintenance of said action for the cause of action alleged in the declaration of the plaintiff, if the facts alleged in the answer of the defendant could be found warrantably upon the evidence" and "that the court was warranted in finding, upon the pleadings and the evidence, that the defendant had sustained the burden of proving the essential facts alleged in the statute of limitations as pleaded by the defendant," and that these implied rulings were erroneous.

It is at best doubtful if the question whether the general finding was warranted, or any question impliedly involved therein, is open on this record in the absence of specific rulings or requests therefor.  See *Loanes* v. *Gast*, 216 Mass. 197, 199; *Holton* v. *American Pastry Products Corp.* 274 Mass. 268.  In *Schon* v. *Odd Fellows Building Association*, 255 Mass. 465, 467, relied on by the plaintiff, there were rulings and requests for rulings.  But if we assume in favor of the plaintiff that the general question is before us no error is disclosed.

As already indicated, the limitation imposed upon actions by G. L. c. 197, § 9, was pleaded and under that statute this action was barred if it was "not commenced within one year from the time" of the defendant's "giving bond" as administratrix, provided due notice of her appointment was given.  Whatever may be true of other questions, it is clear that the question of the formal sufficiency of the answer is not open since it was not raised specifically at the trial. See *Ward* v. *Merriam*, 193 Mass. 135; G. L. c. 231, § 17. This is in accord with the principle that questions of pleading not raised or passed upon in the trial court are not open here for the purpose of reversing rulings there made.  *Maksymiuk* v. *Puceta*, 279 Mass. 346, 352.  The concession of liability by the defendant "unless the claim of the plaintiff was barred by the statute of limitations as pleaded by the defendant" does not indicate that the question of the formal sufficiency of the answer was raised or passed upon.

Though the defence of the short statute of limitations must be set up in the answer if it is to be availed of (*Miller* v. *Aldrich*, 202 Mass. 109, 113, compare *Ames* v. *Jackson*, 115 Mass. 508, 510; *McKim* v. *Haley*, 173 Mass. 112, 114; *Bartlett* v. *Tufts*, 241 Mass. 96), in this jurisdiction this is not an affirmative defence, but when, as in this case, it is pleaded, the burden is cast upon the plaintiff of proving that the action was commenced within the time limited.  *Pond* v. *Gibson*, 5 Allen, 19.  *Corliss Steam Engine Co.* v. *Schumacher*, 109 Mass. 416, 418.  *Slocum* v. *Riley*, 145 Mass. 370, 371.  *Currier* v. *Studley*, 159 Mass. 17, 20.  *McCarthy* v. *Simon*, 247 Mass. 514, 519.  *Rosenblatt* v. *Foley*, 252

Mass. 188, 191. It cannot be ruled as matter of law that this burden was sustained. Clearly the general finding for the defendant did not involve a ruling that the burden of establishing the defence of the statute of limitations rested upon the defendant or a ruling that the evidence warranted a finding of the facts essential to such an affirmative defence. Whether such facts could have been found upon the evidence we need not determine.

It follows that the general finding for the defendant was warranted.

*Order dismissing report affirmed.*