Gillen, J.
This is an action of tort in which the plaintiff seeks to recover for injuries received as the result of an automobile accident and in which the automobile was operated by the defendant.
The answer as amended was a general denial and a statement that the plaintiff was not in the exercise of due care and was guilty of contributory negligence and the further answer that the plaintiff did not bring his action within one year next after the cause of action accrued.
At the trial evidence was introduced tending to show that the plaintiff was a recipient of welfare aid from the ;City of *422 Boston and as a condition of receiving the same he was required to do work for the City one day a week; that on May 1, 1935 he was one of several men engaged in loading a truck owned by the City of Boston and in the control of the defendant Huber who was a regular City employee; that the work consisted of loading on to the truck materials to be used in repairing streets; that the men who were loading the truck then got on to the truck and rode to the location where the repairs were to be made; that it was the practice for the men when the foreman indicated that the load was sufficient to get on to the truck by climbing in and over the wheels; that the driver usually started after he heard a knock on the outside of the cab in which he and the foreman usually rode; that on May 1, 1935 the truck was loaded in a City Yard of the City of Boston (which counsel agreed was not a public way) and the men proceeded to board the truck; that the plaintiff was in the process of doing so and had one foot on the left wheel when the truck started and he was thrown to the ground and received his injuries; and that the truck started without the customary signal having been given; that the writ in this action was dated January 13, 1937, returnable January 23, 1937.
The plaintiff filed fourteen requests for rulings of law and stresses by argument and in his brief that he is aggrieved by the action, of the trial judge on numbers 10, 11, 12 and 13 which follow:
“10. Ch. 260, §4, if applicable to the present case, is in derogation of the existing right of the plaintiff.
“11. That because of the history of the legislation in question, Ch. 260, §4, it may be ruled that the Legislature did not intend to cover accidents off the public highway.
“12. That the burden of proof to establish that the plaintiff is barred rests on the defendant.
*423 “13. That the statute of limitations applicable to the present case is that contained in Ch. 260, §2, paragraph second.”
These four requests were denied by the trial judge who ruled that the Statute of Limitations applicable to this case is contained in G. L. (Ter. Ed.) Ch. 260, §4, as amended.
If this ruling was correct, most of the other requests became immaterial as the trial judge never reached the stage of the case they are intended to cover.
We are concerned with G. L. (Ter. Ed.) Ch. 291, §4 of the Acts of 1934. The pertinent parts of the latter read as follows:
“Section 4. Section four of Chapter two hundred and sixty of the General Laws, as most recently amended by section 5 of said Chapter three hundred and eighteen (1933) is hereby further amended by striking out in the twelfth line the words ‘such actions’ and inserting in place thereof the words, ‘actions of tort for bodily injuries or for death or for damage to property’ — so as to read as follows: — ‘Section 4 Actions for assault and battery........ ........shall be commenced only within two years next after the cause of action accrues; and actions for libel and actions for tort for bodily injuries or for death the payment of judgments in which is required to be secured by chapter ninety and also actions of tort for bodily injuries or for death or for damage to property against officers and employees of the commonwealth of the metropolitan district commission, and of any county, city or town arising out of the operation of motor or other vehicles owned by the commonwealth, including those under the control of said commission or by any such county, city or town *424 ....................................shall be commenced only within one year next after the cause of action accrued’.”
In 1933, by Ch. 318, §5, G. L. (Ter. Ed.) Ch. 260, §4 was amended to include other vehicles as well as motor vehicles. Thus a one-year statute of limitations was created when an officer or employee of the commonwealth, a county, city or town, was sued in a tort action for bodily injury or death arising out of the operation of vehicles other than motor vehicles.
Previously, it had been established by G. L. (Ter. Ed.) Ch. 260, §4, that where the suit against the same public officials or employees arising out of an accident where a public-owned motor vehicle was involved when the payment ................of judgments is required to be secured by Ch. 90, (G. L. Ter. Ed.) the statute of limitation was one year.
A review of the history of the passage of Ch. 219, §4 of the Acts of 1934 shows the bills filed on the original petitions were House Bills #443 and #769. The petition of the former prayed for amendment of law relative to the indemnification of public employees for damages sustained through the operation of public-owned motor vehicles and the latter prayed for amendment relative to indemnification of public officers and employees for damages sustained in operation of public-owned vehicles and was sponsored by the Federation of State, City and Town Employees. The law finally enacted as Chapter 291 of 1934 was reported to the House of Representatives in House Bill 1393 based on the petitions accompanying House Bills 443 and 769 and was passed by both branches of the Legislature as it came from the committee without change.
*425 In section 4 the striking out in the twelfth line of G. L. 60, §4 as amended by Acts of 1933 Ch. 318, §5, of the words, iuch actions, and inserting in place thereof the words:— .ctions of torts for bodily injuries or for death — was not [asked for in House Bills' 443 or 769, indicating that the legislature inserted this portion by its own act and man-ate and showing a definite and specific intent on the part [of both branches of the Legislature that it be included not[withstanding the fact it was not specifically prayed for.
We, therefore, conclude that the Legislature intended to [place all actions arising out of accidents involving motor vehicles and other vehicles owned by the commonwealth, counties, cities and towns, when operated by their employees or officers, in the class of cases governed by a one-year statute of limitations. It standardized all these actions in so far as the one-year statute of limitations is concerned and wiped out the line of demarcation existing between motor vehicle accidents where the payment of judgments was required to be secured by Ch. 90 (G. L.) and all other motor vehicle accidents.
The logic and justice of this change is evident when it is considered that following the amendment of 1933, Ch. 318, an action against an employee or officer of these governmental divisions for an accident arising out of the operation of a horse-drawn vehicle, for example, had to be brought within one year while an action against the same parties as a result of an accident arising out of the operation of a motor vehicle on a locus other than a public way had. a statute of limitations of six years.
The plaintiff urges that the Legislature intended to have the one-year statute of limitations apply only to public-owned motor vehicle accidents where the payment of judg *426 ments was required to be secured by Ch, 90 (G. L.). But we think the words in the amendment “and also actions of tort for bodily injuries” are very significant and having been inserted by motion of the Legislature itself even though the petitioners did not pray for it originally, that it is doubly significant it was no more oversight but set forth to place all actions against public officials for injury and death arising out of accidents of public-owned motor vehicles or other vehicles while under their control in the same one-year class of statutory limitation.
What the Legislature said it intended to say here ; and the language of the act coupled with the way in which it was created leaves no doubt in our minds as to this fact. Barbate v. LaVallee, 1937 Mass. A. D. R. 345.
The contention of the plaintiff that where the defendant sets up the Statute of Limitation in his answer the burden of proof is on the defendant is incorrect. It is settled that where the Statute of Limitation is set up in bar the burden of proof is on the plaintiff to show both a cause of action and the suing out of process within the period of limitation. Breen v. Burns, 280 Mass. 222 at 228. .
But the burden of proof is of no consequence here. It is agreed that the accident happened off the public way and that it happened in 1935. The writ shows that it issued in 1937. It is found that the city owned the truck, and that the defendant, its employee, operated it. Those facts do not appear to be questioned. The only issue of law is what statute controlled that situation. Eulings about the burden of proof, even if wrong, would carry no prejudice.
A perusal of the treatment of all the requests leads us to the conclusion there was no error. The order is—
Eeport dismissed.