Tomasello, J.
In an action of contract in which the plaintiff seeks to recover for services rendered and goods furnished by him as an undertaker for the funeral of the defendant’s testate, the defendant filed a special appearance and an answer in abatement alleging that prior to the commencement of the present action, the defendant as executor, and acting under the provisions of Mass. Gen. Laws (Ter. Ed.) Chap. 197, sec. 2, as amended, filed in the Probate Court having jurisdiction of the estate of the deceased testate a petition against the plaintiff, seeking to have the Probate Court aforesaid determine the validity of the debt for which the plaintiff brought this action.
Upon a hearing held before the trial judge of the plaintiff’s motion to overrule the defendant’s answer in abatement, evidence was introduced in substantiation of the allegations of fact set forth in the defendant’s answer in abatement to the effect that the petition presented to the *235 Probate Court prayed for a determination of the validity of the debt and that the defendant requested an authorization to pay so much of the claim as might be valid. No action was taken under said petition by the said Probate Court and a citation upon this petition was served upon the plaintiff prior to the date of the writ in this action. The plaintiff admits of the fact that he intentionally did not appear nor file any answer in the probate proceedings.
In overruling the answer in abatement the trial judge reports to this division the question whether the prior pend-ency of the executor’s petition in the Probate Court prevented the plaintiff, as a matter of law, because of the want of jurisdiction, from bringing and maintaining the action in this court.
Mass. Gen. Laws (Ter. Ed.) Ch. 197, sec. 2, as amended provides:
“If an executor or administrator does not within six months after the approval of his bond have notice of demands against the estate of the deceased sufficient to warrant him to represent such estate to be insolvent, he may, after the expiration of said six months, pay .the debts due from the estate and shall not be personally liable to any creditor in consequence of such payments made before notice of such creditor’s demand; and if such executor or administrator is in doubt as to the validity of any debt which, if valid, he would have a right to pay under this section, he may, with the approval of the probate court, after notice to all persons interested, pay such debt or so much thereof as the court may authorize.”
The proceedings in the Probate Court being equitable in nature no jury trial is had as of right, and whether issues for a jury shall be framed is a matter within the discretion of the court. McKay v. Kean, 167 Mass. 524, 526, *236 Adams v. Blair, 255 Mass. 152, Allen v. Guarente, 253 Mass. 152,
In the case of Old Colony Trust Co. v. Segal, 280 Mass. 212, 214, speaking of the interpretation of Mass. Gen. Laws, Ch. 197, see. 2, the Court stated: “This section does not purport to deprive any other courts of jurisdiction. It confers additional but not exclusive jurisdiction on probate courts. Its main design is to enable executors and administrators to settle estates more expeditiously than might otherwise be possible, and at the same time to receive protection in paying claims of doubtful validity or questioned by persons interested in the estate. It provides alternative procedure. It does not extinguish pre-existing remedies open to parties. It leaves untouched every other provision of law for the adjudication of claims against estates. It would be contrary to sound canons of statutory construction to interpret this section as working so' radical a change in the law as to deprive parties of the right to bring actions at law, toith the concomitant privilege of claiming trial by jury, and to compel all persons having claims against the estate of a deceased person to resort to probate courts alone for adjusting demands, without explicit and unmistakable language. No such legislative mandate is expressed by the natural meaning of the words of this section.”
Under this section of the statute no right is granted to the creditor to initiate proceedings in the probate courts. It is conceivable that in instituting these proceedings upon all debts due from the estate of decedents, immediately after the six months have expired as called for by this section, executors and administrators could deprive all creditors from bringing actions at law to collect their claims, and in this manner virtually work an exclusive jurisdiction *237 in the probate courts, not contemplated by the enactors of this section of the statute.
The words in Mass. Gen. Laws, Ch. 197, sec. 2 as amended — “If an executor or administrator does not within six months after the approval of his bond have notice of demands against the estate — he may after the expiration of said six months, pay the debts due from the estate and shall not be personally liable to any creditor in consequence of such payments * * *; and if such executor or administrator is in doubt as to- the validity of any debt which, if valid, he would.have a right to pay under this section, he may, with the approval of the probate court, . . ., pay such debt or so much thereof as the court may authorize” are not intended to apply to the payment of preferred claims such as the expenses of the last sickness and funeral, taxes and some others, but are applicable to common debts. Gallo v. Foley, Mass. Adv. Sh. (1936) 2337; 5 N. E. (2nd) 425, Breen v. Burns, 280 Mass. 222, 226, Studley v. Willis, 134 Mass. 155.
The plaintiff’s claim was for funeral services- rendered and as such was preferred and not subject to the limitations of payment “after the expiration of six months.” The sole purpose of this section was to protect executors and administrators in the payment of common debts since the protection for the payment of preferred-claims is amply provided for by Mass. Gen. Laws, Ch. 197, sec. 5.
It has been held'in the courts of this Commonwealth that an executor or administrator has no right to waive the statutes of limitation relating to the estates of deceased persons and it is his duty to insist upon the observance of them by creditors. Finance Corp. v. Parker, 251 Mass. 372.
The bringing of a petition in the Probate Court to establish the validity of a debt due from the decedent’s estate would be in effect a waiver of the executor’s and administrator’s right to insist upon the creditor’s duty to bring *238 suit within one year as prescribed for by the statute of limitations and could thus work a hardship upon the estates which they as fiduciaries represent.
The operation of Mass. Glen. Laws, Ch. 197, sec. 9, relating to the limitation of actions cannot be considered to be suspended by the operation of Ch. 197, sec. 2, relating to the presentation of petitions in the probate courts to establish the validity of debts, cf. Aiken v. Morse, 104 Mass. 277, cf. Blanchard v. Allen, 116 Mass. 447.
No method is prescribed by Sec. 2 of Chapter 197 for the enforcement of payment and the discretion of paying is left solely with the executor or administrator. At most the creditor might further petition the probate court for a retention of assets in the hands of the executor or administrator and thereafter bring suit upon his bond. The legislature in enacting this section could not have intended that the creditor should be thus subjected to a multiplicity of proceedings by the alertness and shrewdness of an executor or administrator in filing a petition of the type prescribed, prior to the creditor’s commencement of his action at law.
It is our opinion that the plaintiff’s action was not the subject of abatement and that the trial judge properly ruled in overruling the defendant’s answer in abatement.
Ordered:
Beport dismissed.