Burnes, J.
Plaintiffs Lynn and Robert Sherblom brought this action in tort to recover damages arising out of an alleged motor vehicle accident involving plaintiff Lynn Sherblom and defendant Dorthea Brigham. The matter is before this court on the defendants’ motion to dismiss and/or for summary judgment pursuant to Mass.R.Civ.P. 12(b)(6) and 56, on all counts for failure of the plaintiffs to file their action within the time allowed by the applicable statute of limitations. For the reasons discussed below, the defendants’ motion for summary judgment is ALLOWED.
BACKGROUND
The undisputed material facts as established by the summary judgment record are as follows. The plaintiffs, Lynn T. Sherblom (Lynn) and Robert Sherblom (Robert), husband and wife, reside in Barre, Massachusetts. The defendants, Dorthea F. Brigham (Brigham), now deceased, and Barbara A. Teague (Teague), the Voluntary Executor of her estate reside in West Boylston, Massachusetts. On December 9,1994, there was an accident involving Lynn and Brigham. As a result, Lynn and Robert commenced the above action in tort seeking damages for injuries and loss of consortium.
DISCUSSION
Mass.R.Civ.P. 12(b) provides, in part, that a motion to dismiss a complaint under Mass.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted shall be treated as a motion for summary judgment if matters outside the pleadings are presented to and not excluded by the court. See Watros v. Greater Lynn Mental Health & Retardation Ass'n, 421 Mass. 106, 109 (1995). The court will treat defendants’ motion to dismiss as a summary judgment motion because the court relies, in part, on an affidavit submitted by Lynn and Robert.
This court grants summary judgment where there are no genuine issues of material fact and where the summary judgment record entitles the moving party to judgment as a matter of law. See Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). “The evidence of the nonmovant is to be believed and all justifiable inferences are to be drawn in his favor.” Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986) (quoted with approval in G.S. Enterprises, Inc. v. Falmouth Marine, Inc., 410 Mass. 262, 263 (1991)).
The moving party bears the burden of affirmatively demonstrating the absence of triable issue, and that the summary judgment record entitles the moving party to judgment as a matter of law. See Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). The moving party may satisfy this burden either by submitting affirmative evidence that negates an essential element of the nonmoving party’s case or by demonstrating that the nonmoving party has no reasonable expectation of proving an essential element of his case at trial. See Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991); Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991).
The defendants have raised the affirmative defense that Lynn and Robert’s action is barred by the statute of limitations. Lynn and Robert’s tort claim is governed by G.L.c. 260, §2A which requires, in pertinent part, that “actions of tort . . . shall be commenced only within three years next after the cause of action accrues." (Emphasis supplied.) As a consequence, the burden of proving that the action was commenced within the time limited is placed upon the plaintiffs. See Breen v. Burns, 280 Mass. 222, 228 (1932).
Lynn and Robert set forth the well-settled rule that a complaintwith its entry fee, forwarded to the appropriate court by certified mail, is considered commenced on the date of the mailing the certified mail letter. See Mass.RCiv.P. 5(e). They have submitted an affidavit with evidence showing the complaint in this matter was mailed to the Worcester Superior Court by certified mail on December 10, 1997 and received in the clerk’s office on December 11,1997. For purposes of this motion, the commencement date is December 10, 1997.
*518 It is well-settled that the cause of action accrues at the time plaintiff is injured. See Cannon v. Sears, Roebuck & Co., 374 Mass. 739, 741 (1978); Dinsky v. Framingham 386 Mass. 801, 301 (1982). See also Nolan and Sartorio, Tort Law §415 at 159 (1989). Here, neither party disputes that Lynn’s injuries stem from the automobile accident with defendant, i.e., the date of injury is December 9, 1994.
Further, it is undisputed the statute of limitations for actions in tort, like here, alleging negligent operation of a motor vehicle is three years. See G.L.c. 260, §2A. However, the parties dispute how the three years should be calculated. The defendants contend the calculation of the limitations period includes the date of injury, December 9, 1994, while Lynn and Robert assert the date of injury is not included. According to the plaintiffs, the limitations period begins to run from the date after the injury, i.e., December 10, 1994.
To support this proposition, Lynn and Robert correctly cite to Mass .R.Civ.P. 6(a). This rule provides that “(i]n computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute or rule, the day of the act, event, or default after which the designated period of time begins to run shall not be included." (Emphasis supplied.) See also Pierce v. Tiernan, 280 Mass. 180, 182 (1932), and cases cited. Based on this principle, it is clear the day after the alleged incident, i.e., December 10, 1994 is the first day counted in calculating the statute of limitations. A year is a calendar year. G.L.c. 4, §7, cl. 19th. The effect of this calculation is for the last day of each year to fall on the anniversary date of the incident in question, i.e., December 9, 1994. See Ciampa v. January, 1992 Mass.App.Div. 204, 205; Pierce v. Tiernan, supra at 183. By waiting until December 10,1997 to commence this action, plaintiffs missed the filing deadline by one day because plaintiffs’ complaint was not filed “within three years" of the time the alleged cause of action accrued. It was filed the first day of the next calendar year.
ORDER
For the foregoing reasons, it is hereby ORDERED that defendants’ motion for summary judgment be ALLOWED.