Hillman, J.
INTRODUCTION
Plaintiffs Lynn T. Sherblom and Robert Sherblom filed a civil action against the defendant, Barbara A. Teague, as executrix of Dorthea Brigham’s estate on December 11, 1997. On September 17, 1998, defendant filed a motion for summary judgment based upon the expiration of the statute of limitations that applied to plaintiffs claims. On February 9, 1999, Justice Nonnie S. Burnes allowed the defendant’s motion for summary judgment [9 Mass. L. Rptr. 517). Plaintiffs have now moved pursuant to Mass.R.Civ.P. 60(b) for relief from Justice Burnes’ judgment. For the reasons set forth below plaintiffs motion is ALLOWED.
BACKGROUND
On December 9, 1994 an automobile accident occurred that involved the Plaintiff Lynn T. Sherblom and Defendant Dorthea F. Brigham. On December 11, 1997, three years and two days after the accident occurred, plaintiff Lynn T. Sherblom and Robert Sherblom filed a complaint in which they alleged that defendant negligently caused the automobile accident. As a result of the automobile accident, plaintiff Lynn Sherblom claimed that she suffered personal injuries. Likewise, plaintiff Robert Sherblom claimed that he suffered loss of consortium.
The defendant, Dorthea F. Brigham died on April 1, 1997, approximately six months before the plaintiffs filed the complaint. On or around May 7, 1997, the Worcester Probate Court appointed Barbara A. Tea-gue, the daughter of the defendant, Dorthea F. Brigham, voluntary executrix of the defendant’s estate.
On May 14, 1998, the defendant submitted a motion to dismiss or alternatively for summary judgment based upon the expiry of the three-year statute of limitations under G.L.c. 260, §2A. On January 22, 1999, the Honorable Nonnie S. Burnes conducted a hearing on defendant’s motion and on February 9, 1999, allowed defendant’s motion for summary judgment.
On August 10, 1999, plaintiffs obtained new counsel and moved pursuant to Mass.R.Civ.P. 60(b) for relief from Justice Burnes’ order that allowed defendant’s motion for summary judgment. Plaintiffs base their motion for relief on several grounds. First, plaintiffs claim that the Court improperly entered judgment for the defendant pursuant to G.L.c. 260, §2A. Second, plaintiffs claim that M.G.L.c. 197, §9 *617 creates an exception to the application of M.G.L.c. 260, and allows a plaintiff to assert a claim against a decedent’s estate for a time period of one year following the decedent’s date of death notwithstanding the expiration of the limitations period set forth under M.G.L.c. 260, §2A.
DISCUSSION
Rule 60(b) of the Massachusetts Rules of Civil Procedure provides that the court may relieve a party from a final judgement, order, or proceeding based upon mistake, inadvertence, surprise or excusable neglect. In reviewing an action on motion for relief from judgment on the ground of excusable neglect, at least the following factors should be considered: whether the offending party acted promptly after entry of judgment to assert his claim for relief, whether there is a showing that the claim sought to be reviewed has merit, whether neglectful conduct occurred before trial, whether the neglect was a product of counsel’s consciously chosen course of conduct, whether prejudice resulted to the other party, and whether error is chargeable to the party’s legal representative rather than to the party himself. Berube v. McKesson Wine & Spirits Co., 388 N.E.2d 309, 7 Mass.App.Ct. 426 (1979).
This Court will first decide whether the underlying claim has merit. The dispute in the case at bar concerns the interplay between two Massachusetts statutes, each of which governs the statute of limitations applicable to certain actions. Chapter 260, §2A sets forth the statute of limitations period that applies to tort claims. Chapter 260, §2A provides in pertinent part:
Except as otherwise provided, actions of tort . . . shall be commenced only within three years next after the cause of action accrues.
The controlling limitations period for claims against an estate, however, is set out in G.L.c. 197, §9. Chapter 197, §9 provides in pertinent part:
Except as provided in this chapter, an executor or administrator shall not be held to answer to an action by a creditor of the deceased unless such action is commenced in one year after the date of death of the deceased . . .
The plaintiff argues that Chapter 197, §9 applies to the case at bar and therefore allows the plaintiff to assert a tort claim against decedent’s estate within one year of the decedent’s date of death, nothwithstanding the fact that plaintiff brought suit after the three-year anniversary of the date of the car accident, which purportedly was the date upon which plaintiffs cause of action accrued. The defendant, on the other hand, argues that G.L. 260, §2A sets forth the exclusive time period within which plaintiffs could have initiated suit against the defendant. As a result, the defendant argues that G.L.c. 260, §2A bars the plaintiffs’ claims. After reviewing the applicable case law, applicable statutes and learned treatises on this issue, this Court holds that chapter 197, §9 applies to the case at bar. The plaintiffs, therefore, timely filed their action. In cases of claims against an estate, if the deceased died before the general statute of limitations bars the plaintiffs suit, the plaintiff may begin the action at any time prescribed by the special short statute of limitations set out in G.L.c. 197, §9, even if the general statute of limitations expired in the meantime. Hatley v. Killion, 293 Mass. 294, 294-95 (1945). See also Thomas H. Belknap, Newhall’s Settlement of Estates and Fiduciary Law in Massachusetts, Fifth Edition (West Publishing Co. 1997).
In Hatley, the plaintiff entered into a contract with defendant-decedent. The defendant promised to leave Hatley her house if Hatley moved into defendant’s house and rendered services to the defendant. The plaintiff moved in with defendant and rendered services pursuant to their contract for several years. On or around January 1932, however, defendant evicted plaintiff from her home. On December 11, 1936, the defendant died. Defendant did not leave her home to Hatley as provided for in their contract. Hatley commenced suit against defendant’s estate in 1938, which was within one year of the date on which the administrator of defendant’s estate gave bond.[2]
Defendant’s estate asserted the affirmative defense of the running of the statute of limitations claiming that plaintiffs cause of action accrued and thus barred plaintiffs claim.[3] The Supreme Judicial Court of Massachusetts disagreed with defendant’s argument and held that Hatley had timely filed his claim because Hatley filed his complaint within one year of the date on which defendant’s administrator gave bond and because plaintiff died within the running of the statute of limitations period applicable to contracts.
At first blush, the ruling in Hatley seems to apply only to cases involving contracts to make a will. If that were the situation the holding seems inapplicable to other cases. Indeed, common sense dictates that a cause of action for breach of contract to bequeath or devise an individual a certain item of property could only arise at the time of the decedent’s death. This reasoning flows from the premise that a will is an ambulatory instrument and speaks only at death. See Leahy v. Old Colony Trust Co., 326 Mass. 49 (1950). The court in Hatley, however, clearly stated, “It is unnecessary to determine whether the plaintiffs cause of action arose on February 1, 1932 [date on which defendant evicted plaintiff] or on December 11, 1936, when testatrix died.” The ruling in Hatley applies to the case at bar.
The case at bar is analogous to Hatley. In the case at bar, the defendant died within the statute of limitations period as set forth in Chapter 260, §2A. The plaintiffs filed suit after the expiration of the period set forth in Chapter 260, §2A but nevertheless filed within *618 the one year of the date of the defendant’s death. Thus, plaintiffs timely filed their claim against defendant’s estate.
Defendant contends that this Court should not rely upon the ruling in Hatley because Hatley has never been cited by any appellate Court in the Commonwealth. The fact that Hatley has never been cited, however does not adversely affect its precedental value as binding law. Since no court has overturned Hatley, it is still good law and therefore binding upon this Court.
As mentioned above, defendant argues that G.L.c. 260, §2A sets out the exclusive period within which a party may file a suit for a tort action. The first sentence of G.L.c. 260, §2A, however explicitly provides that [e]xceptas otherwise provided, actions of tort. . . shall be commenced only within three years next after the cause of action accrues (emphasis added). This sentence does not circumscribe the exceptions to G.L.c. 260, §2A to the parameters of c. 260. If that were the case, the first sentence of G.L.c. 260, §2A would read “except as otherwise provided by this chapter.” Thus, one could posit a valid argument that either G.L.c. 197, §9 or pertinent case law such as Hatley provides an exception to the general statute of limitations set forth in c. 260, §2A.
Deciding that the plaintiffs in the case at bar timely filed their respective tort actions, this Court will now decide whether or not to grant plaintiffs relief from Judge Burnes’judgment entered on February 9, 1999. As set forth above, the applicable case is Berube v. McKesson Wine & Spirits Co., 388 N.E.2d 309, 7 Mass.App.Ct. 426 (1979). Thus, the Court will apply the factors set out in Berube, to the case at bar. First, the plaintiffs in this case acted promptly after entry of the judgment dismissing her claim on February 9, 1999. Plaintiffs terminated their former counsel, hired new counsel and submitted her motion pursuant to Mass.R.Civ.P. 60 within a seven-month time period. Second, the neglectful conduct that occurred before trial, the failure of plaintiffs former attorney to assert G.L.c 197, §9 as the applicable statute of limitations, was chargeable to the plaintiffs legal representative rather than the plaintiffs themselves.
Defendant filed a cross motion to strike plaintiffs motion for relief from judgment arguing that plaintiff untimely filed her motion. A motion filed pursuant to Mass.R.Civ.P. 60(b)(6) must be filed within a “reasonable time.” This “reasonable time” must not exceed one year. Mass.R.Civ.P. 60, Reporter’s Notes. This Court finds that plaintiff timely filed her motion. Defendant’s cross motion to strike therefore, is denied. Accordingly, plaintiffs’ motion for relief from judgment is allowed.
ORDER
For the foregoing reasons, plaintiffs motion for relief from judgment is ALLOWED.

 The administrator of defendant’s estate gave bond on May 6, 1937.

 At that time, the statute of limitations applicable to contracts expired after six years of the date on which the cause of action accrued.